**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig R. Brittain, et al., | No. CV-18-01714-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Twitter Incorporated, | |
| Defendants. | |

Pro se Plaintiff Craig R. Brittain has filed a complaint against Defendant Twitter Incorporated.  Doc. 1.  He has also filed a motion to proceed in forma pauperis ("IFP") (Doc. 2) and a motion to allow electronic filing (Doc. 10).  The Court will grant his application for IFP status, screen his complaint, dismiss the complaint with leave to amend, and deny his motion for electronic filing.

I. **Motion for IFP Status.**

Plaintiff attaches an affidavit on a court-approved form which suggests that he receives a total monthly income of $200 and has monthly expenses totaling $1,950.  His motion for IFP status will be granted.

II. **Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]"  28 U.S.C. § 1915(e)(2).  Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte

. . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). Rule 8(d) provides that each paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.").

**III.    Plaintiff's Complaint.**

Plaintiff's complaint is 78 pages long and contains more than 200 paragraphs of factual allegations and claims. Doc. 1. The complaint contains nine claims, but these do not even begin until page 60. *Id.* The complaint is not close to the "short and plain" statement of claims required by Rule 8. As a result, responding to the complaint, and dealing with the complaint on any potential motions, will be exceedingly difficult. The Court will dismiss the complaint without prejudice for failure to comply with Rule 8, and permit Plaintiff to file an amended complaint by **July 11, 2018**.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. Rule 8 provides that a complaint must contain (1) a short and plain statement of the grounds for the Court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, (3) a demand for the relief sought, and (4) paragraphs that are simple, concise, and direct. Fed. R. Civ. P. 8(a), (d).

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1.      Plaintiff's application to proceed in forma pauperis (Doc. 2) is **granted**.

2.      Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.

3.      Plaintiff's motion to allow electronic filing (Doc. 10) is **denied**.

4.      Plaintiff shall have until **July 11, 2018**, to file an amended complaint.  If Plaintiff fails to file an amended complaint by that date, the Court will instruct the clerk to dismiss this case and close the file.

Dated this 22nd day of June, 2018.

_____
David G. Campbell
United States District Judge

- 3 -