1  Craig R. Brittain
2  8625 E. Sharon Dr.
3  Scottsdale, AZ, 85260
4  (602) 502-5612
5  craig@brittainforsenate.com
6  craigrbrittain@gmail.com

☑ FILED  ___ LODGED
___ RECEIVED  ___ COPY
JUN 2 6 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

CRAIG R. BRITTAIN, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;

BRITTAIN FOR US SENATE, a Principal Campaign Committee, (And on behalf of all similarly affected users of Twitter).

  Plaintiff(s),

  vs.

TWITTER, INC., a California corporation.

  Defendant.

No. CV-18-01714-PHX-DGC

**AMENDED COMPLAINT**

(1) Violation of the First Amendment of the US Constitution
(2) Violation of Federal Election rules (47 U.S. Code § 315)
(3) Breach of Contract
(4) Conversion
(5) Violation of Antitrust Laws
(6) Negligent Infliction of Emotional Injury/Distress
(7) Tortious Interference
(8) Promissory Estoppel

**DEMAND FOR JURY TRIAL**

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DEMAND FOR JURY TRIAL**

Plaintiff(s), Craig R. Brittain and Brittain for US Senate file this amended complaint against Defendant Twitter, Inc. and demand a Jury Trial,

for Violation of the First Amendment, Violation of 47 U.S. Code § 315, Violation of 15 U.S. Code § 2, Breach of Contract, Conversion, Promissory Estoppel, Tortious Interference, and would show as follows:

1. Twitter shall mean both the service and the company, contextually. Prior to reading this complaint, please read in full: Taylor v. Twitter (CGC-18-564460), Knight First Amendment Center v. Trump et al. (1:17-cv-05205), Porter v. Twitter et al. (3:16-cv-06136), along with all amicus curiae briefs related to those cases. Plaintiff re-alleges the entire contents of those cases. In some of those cases Defendant has stated that its platform is a public forum. It was proven by KFAC v. Trump that politicians/candidates who use Twitter's public forum are also creating public forums. As Plaintiff is a federal candidate, it is doubly his right to use Twitter.

2. Taylor v. Twitter was approved for Breach of Contract and Conversion claims by the California Superior Court. The similar claims of this suit should be heard by this Court.

3. Defendant's own admission that their service is a public forum is grounds for the First Amendment claim. Plaintiff cites in full this longer explanation by Harvard Law Professor Noah Feldman: https://www.nytimes.com/2018/06/05/opinion/first-amendment-trump-twitter.html. Professor Feldman's facts are correct but his conclusion is wrong. Twitter SHOULD be recognized as a pure free-speech zone, by the Defendant's own admission. Two-way Freedom of Speech is the ability to both hear and speak in a public forum. No non-prisoner US resident can be permanently barred from a public forum. Twitter must overturn any form of illegal public forum access prevention, including filtering, "shadowbanning", suspension, blocking, or any other method.

4. The total number of users directly affected is over 500 million. Plaintiff alleges the loss of a total of 500,000 followers and 2,000 high profile

followers from his suspended accounts. Defendant's valuation of followers is $2.50-3.50 each. Plaintiff alleges that such an egregious violation must be worth at least 4% of the total value of Twitter's $25 Billion net worth, or $1 Billion. The loss of 500,000 followers earned over a span of 5 years caused provable emotional distress via Defendant's negligence by destroying both financial and personal value. Votes and donors were lost, constituting promissory estoppel/tortious interference. The suspension of Plaintiff's accounts was an illegal act of conversion by the Defendant in accordance with the above monetary values. The fact that Twitter would not exist without financial and official support from President Barack Obama and the US Federal Government between 2007-2016 makes the above actions a form of state action and adds to the depth of the public forum claim. CDA 230 gives private companies jurisdiction over private venues. However, the only rightful jurisdiction over a public forum is held by the US Government via the Constitution. CDA 230 does not apply in this situation because (1), Twitter has no jurisdiction over public forums, (2) Twitter does not provide the service of public forums, and (3) Twitter is simply another user of the public forums. In all 3 cases, the Federal Government is the provider of public forums and holds jurisdiction over their use, with which the Defendant has unlawfully interfered.

     5. Twitter has business partnerships with CNN, Fox, MSNBC and many other cable networks. These dealings extend the broadcast licenses of those networks into Twitter's business space. Therefore Twitter must also provide the same broadcast access to all candidates for as long as they maintain partnerships with these licensed cable broadcast networks. Alternatively, they can break those deals to maintain compliance. Twitter is currently violating 47 U.S.C. § 315 by refusing to grant equal access to users of a broadcast network partnered/licensed platform. This action interferes with the current US Federal Elections.

6. Twitter is one of 3 major players which control a combined 90% of the social media network market (Facebook/Instagram, YouTube/Google and Twitter/Periscope). The lack of new major players in the market is a direct result of anticompetitive practices used by these three major players to illegally monopolize the social media networking market segment in violation of the Sherman Act. Twitter does not possess superior products and has maintained profitability in spite of actions which would otherwise bankrupt a company, to the point of being able to purchase any new competitor's business for itself. These anticompetitive actions include deceptively and illegally limiting users who reference new/competing networks and/or utilize Third Party API services, and exaggerating their own stock values/prices (Porter v. Twitter et al.). Twitter must be reorganized.

7. There are an extremely large number of witnesses and an overwhelming amount of evidence in this case. As this is the abridged, amended ("short and plain") version of this complaint, that information will be accordingly presented during discovery.

## JURISDICTION AND VENUE

8. Federal Court has jurisdiction re: 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1332 (Sum above $75,000, multiple states).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2). Almost all of the events giving rise to this complaint occurred in this District.

## PARTIES

10. Plaintiff Craig R. Brittain is and was at all times during the course of the events detailed in the complaint, a resident of Scottsdale, Arizona in Maricopa County. Twitter Accounts: @CraigRBrittain, @AuditTheMedia.

11. Plaintiff Brittain for US Senate is Craig R. Brittain's registered campaign committee. Twitter Accounts: @SenatorBrittain, @Brittain4Senate.

12. Defendant Twitter, Inc. is a California corporation.

## FIRST CAUSE OF ACTION
### Violation of the First Amendment of the US Constitution
### (Declaratory and Injunctive Relief)

13. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth fully herein.

14. Defendant admitted that it was a First Amendment protected public forum in at least one Court, and that the tweets of elected officials and candidates are also public forums. Defendant has illegally suspended/banned millions of users, including Plaintiff(s). Plaintiff's accounts were suspended on Feb. 1, 2017, Feb. 2, 2017, Mar. 30, 2018, and May 23, 2018. Defendant must permanently remove all barriers to accessing its public forums including suspensions, shadowbans, filters, and/or any other types of public access prevention.

15. Plaintiff is entitled to damages stemming from the unlawful destruction of his created public forums (as candidate/campaign committee) and prevention of access to public forums (as an individual),

## SECOND CAUSE OF ACTION
### Violation of Federal Election rules, (47 U.S. Code § 315)
### (Declaratory and Injunctive Relief)

16. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth fully herein.

17. Defendant is in a business partnership with licensed broadcasting/television networks and is obligated to provide equal access to candidates under 47 U.S. Code § 315. Defendant did not do so and as a result the 2018 Federal Election has been compromised. Plaintiff is entitled to damages stemming from illegal election interference.

## THIRD CAUSE OF ACTION

### Breach of Contract

### (Declaratory and Injunctive Relief)

18. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth fully herein.

19. Taylor v. Twitter ruled that Twitter's Terms of Service are (probably) unconscionable as grounds for that suit to proceed. Defendant cannot suspend or terminate accounts at will.

20. Horton v. Horton, 254, Va. 111/115 (1997) states that the party who commits a material breach of contract first is liable. Defendant committed the first breach(es). The provisions of the contract itself are unconscionable and/or illusory as Defendant retains the unilateral right to terminate "at any time for any or no reason". In re: Zappos.com (3:12-cv-00325) found similar contracts to be illusory. Any accusations of user liability are null/moot. Defendant is wholly liable for harm it has incurred against over 500 million users. Defendant is also wholly liable for specific harm against the Plaintiff, who is entitled to significant damages.

## FOURTH CAUSE OF ACTION

### Conversion

### (Declaratory and Injunctive Relief)

21. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth fully herein.

22. Twitter accounts have no default value. All value was created by the Plaintiff over the course of approximately 5 years. Plaintiff is the legitimate owner of his Twitter accounts and over 500,000 total followers. Defendant converted those accounts by surprise. Plaintiff is entitled to significant damages resulting from that conversion.

## FIFTH CAUSE OF ACTION

## Violation of Antitrust Laws

(Declarative and Injunctive Relief)

23. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth fully herein.

24. Defendant violated 15 U.S. Code § 2 by engaging or attempting to engage in anticompetitive practices, evident by maintaining market control and profitability in spite of the lack of a superior product and conditions which would bankrupt a non-monopoly. Therefore Twitter must be reorganized.

## SIXTH CAUSE OF ACTION

## Negligent Infliction of Emotional Injury/Distress

(Declarative and Injunctive Relief)

25. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth fully herein.

26. The destruction of Plaintiff's property (accounts/followers) valued at well over a million dollars after over 5 years of work, caused unforeseeable harm to the Plaintiff resulting in emotional injury/distress. Dillon v. Legg, 68 Cal. 2D 728 (1968) ruled: "the chief element in determining whether defendant owes a duty or an obligation to plaintiff is the foreseeability of the risk, that factor will be of prime concern in every case. Because it is inherently intertwined with foreseeability such duty or obligation must necessarily be adjudicated only upon a case-by-case basis."

27. As Plaintiff never breached the contract, but the Defendant did, the Defendant's actions are unforeseeable and Plaintiff is entitled to significant damages stemming from harm inflicted by the Defendant.

## SEVENTH CAUSE OF ACTION

Tortious Interference

(Declarative and Injunctive Relief)

28. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth fully herein.

29. Defendant knew that the Plaintiff was a candidate for public office and that he was conducting both public and private business using the public forum of Twitter. Defendant unlawfully interfered with his ability to gain both business and votes. Plaintiff is entitled to damages as a result.

## EIGHTH CAUSE OF ACTION

Promissory Estoppel

(Declarative and Injunctive Relief)

30. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though set forth in full herein.

31. 501 U.S. 663, Cohen v. Cowles Media Company (No. 90-634) (1991): "Promissory Estoppel is a law of general applicability". Defendant committed Promissory Estoppel by (1) writing an unconscionable contract, (2) promising to uphold that contract, (3) immediately fundamentally breaching that contract, and (4) committing a surprise act of conversion and tortious interference, suspending Plaintiff's accounts while knowing that new business/votes were being acquired by the Plaintiff. Plaintiff is entitled to damages stemming from this estoppel.

**PRAYER FOR RELIEF**

WHEREFORE,

Plaintiffs respectfully pray for a judgment as follows:

1. For a summary judgment of no less than $1,000,000,001.00 USD,
2. For a public apology from the Defendant to all of the users it has harmed by preventing First Amendment access to its self-declared public forums,
3. For compensatory, special, and statutory damages in an amount to be proven at Jury Trial, including statutory damages.
4. For pre-judgment and post-judgment interest.
5. For compensatory, special, and statutory damages in an amount to be proven during Jury Trial, including statutory damages.
6. For all costs stemming from any expenses related to this suit, including the hiring of attorneys (if applicable), research conducted, time spent, or materials used,
7. For an injunction permanently preventing the Defendant from suspending, shadowbanning, blocking, downranking or otherwise limiting and/or preventing access to the use of public forums on their website, and to fully restore all previously suspended and/or limited accounts.
8. For an injunction preventing the Defendant from engaging in anticompetitive/deceptive practices.
9. For a declaration that the Defendant interfered in the 2018 Federal Elections, and an injunction preventing Defendant from doing so in the future.
10. For an injunction preventing the Defendant from committing Promissory Estoppel, Tortious Interference, Breach of Contract and Conversion, and declaration that the existing contract is invalid.
11. For any additional relief that the Court deems just and proper.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 | Craig R. Brittain and Brittain for US Senate "Plaintiff(s)". |
| 4 | |
| 5 | Plaintiff(s) sign under Rule 11 of Title III, to defend Freedom of Speech. |
| 6 | |
| 7 | DATED: June 26, 2018     *[signature]* |
| 8 | Craig R. Brittain |
| 9 | 8625 E. Sharon Dr. |
| 10 | Scottsdale, AZ, 85260 |
| 11 | (602) 502-5612 |
| 12 | craig@brittainforsenate.com |
| 13 | craigrbrittain@gmail.com |