**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig R Brittain, et al., | No. CV18-01714-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Twitter Incorporated, | |
| Defendant. | |

Plaintiff has filed a motion for change of judge. Doc. 16. Plaintiff asserts that the motion is "due to the absence/inactivity of current Judge David G. Campbell." Doc. 16. Plaintiff asserts that "this motion has been filed due to the lack of response to pending time-sensitive motions by Plaintiff as well as the lack of scheduled proceedings in the case." *Id.* at 2.

**A.    Background.**

This case was filed on June 5, 2018, and was randomly assigned to Magistrate Judge Bridget S. Bade. Doc. 4. On June 20, 2018, Plaintiff requested random reassignment (Doc. 9), and the case was reassigned to the undersigned judge on June 20, 2018. On June 22, 2018, this Court entered an order granting Plaintiff's application to proceed *in forma pauperis*, denying Plaintiff's motion to allow electronic filing, and allowing Plaintiff to amend his complaint to comply with Rule 8 of the Federal Rules of Civil Procedure. Doc. 12.

On June 26, 2018, Plaintiff filed an amended complaint (Doc. 13), and on July 27, 2018, Plaintiff filed a motion for preliminary injunction. Doc. 14. A review of the Court's docket shows that Plaintiff has not yet served Defendant with the summons, amended complaint, notice to the parties regarding the Mandatory Initial Discovery Pilot, and motion for preliminary injunction. On September 28, 2018, the Court entered an order advising Plaintiff that the docket did not reflect proper service (the deadline for which passed on September 5, 2018) and extended the time to serve Defendant to November 27, 2018. Doc. 17. The Court cannot proceed with the case until Plaintiff properly serves Defendant with the required documents.

**B.  Recusal.**

Two statutes govern recusal of district judges: 28 U.S.C. §§ 144 and 455. Section 144 applies when a party believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Because Plaintiff has submitted no affidavit, his request for recusal may not be granted under section 144.

Section 455 provides that a district judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Plaintiff seems to be alleging that the Court is responsible for the lack of progress in this case, but it is Plaintiff who has not complied with the Federal Rules of Civil Procedure by properly serving Defendant with the required documents. Recusal is not appropriate under section 455.

**C.  Warnings.**

As noted in previous orders (Docs. 12, 17), Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED** that Plaintiff's motion for change of judge (Doc. 16) is **denied.**

Dated this 5th day of October, 2018.

David G. Campbell
Senior United States District Judge