Jean-Jacques Cabou (Bar No. 022835)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
JCabou@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CRAIG R. BRITTAIN, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;<br><br>BRITTAIN FOR US SENATE, a Principal Campaign Committee (And on behalf of all similarly affected users of Twitter).<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., a California corporation,<br><br>Defendant. | No. 18-cv-01714-PHX-DGC<br><br>**DEFENDANT TWITTER, INC.'S MOTION TO TRANSFER VENUE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

**DEFENDANT TWITTER, INC.'S MOTION TO TRANSFER VENUE**

Defendant Twitter, Inc ("Twitter") moves the Court under 28 U.S.C. § 1404(a) to transfer this action to the U.S. District Court for the Northern District of California, as provided by Twitter's Terms of Service ("Terms"), which govern access to and use of Twitter's services by account holders, including Plaintiffs Craig R. Brittain and Brittain for U.S. Senate ("Plaintiffs"). This motion is supported by the following memorandum of points and authorities, the Declaration of Courtney Smith in Support of Defendant Twitter, Inc.'s Motion to Transfer Venue, and the record in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs have filed their first Amended Complaint ("FAC") against Twitter in the wrong forum. This matter should be transferred to the U.S. District Court for the Northern District of California. When signing up for their Twitter accounts, Plaintiffs agreed to Twitter's Terms. The agreement's choice-of-venue clause is mandatory, includes the instant dispute, and is enforceable. Because the claims that Plaintiffs have asserted against Twitter arise out of Plaintiffs' use of Twitter's services and Plaintiffs agreed to bring any such claims in the Northern District of California, this action must be transferred to that district.

**II.   BACKGROUND**

**A.   Plaintiffs Agreed to Twitter's Terms**

Both Plaintiffs twice agreed to Twitter's Terms when they each signed up for their respective Twitter accounts. *See* FAC ¶¶ 10-11. Plaintiff Craig R. Brittain created his @CraigRBrittain account in January 2013 and his @AuditTheMedia account in January 2014. *See* FAC ¶ 10; Decl. of Courtney Smith in Supp. of Def. Twitter's Mot. to Transfer Venue ("Smith Decl.") ¶ 4. Plaintiff Britain for US Senate created its @Brittain4Senate account in July 2014 and its @SenatorBrittain account in September 2017. *See* FAC ¶ 11; Smith Decl. ¶ 4. Each time Plaintiffs created an account, they had to complete an online signup process in which they were required to submit certain information (such as their names and phone numbers or email addresses). Smith Decl. ¶ 2. Before Plaintiffs clicked

the link to complete the signup process for each account, they were presented with a message telling them that, by signing up to Twitter and creating an account, they were agreeing to the Terms, which were linked in the message. *Id.* ¶¶ 2-3, Exs. A-B.

### B. The Terms Designate San Francisco, California, as the Sole Venue for Disputes

The Terms in place at the time that Plaintiffs signed up for their accounts contained forum-selection clauses designating San Francisco, California as the sole venue for all disputes arising in connection with Twitter's services. *See id.* ¶¶ 5-6, Exs. C-D. Specifically, the forum-selection clause in place when the @CraigRBrittain, @AccountMedia, and @Brittain4Senate accounts were created provided:

> All claims, legal proceedings or litigation arising in connection with the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States, and you consent to the jurisdiction of and venue in such courts and waive any objection as to inconvenient forum.

*Id.* ¶ 5, Ex. C. Similarly, the forum-selection clause in place when the @SenatorBrittain account was created provided:

> All disputes related to these Terms or the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States, and you consent to personal jurisdiction and waive any objection as to inconvenient forum.

*Id.* ¶ 6, Ex. D.

### C. Plaintiffs Filed Their Lawsuit in this District Nevertheless

Despite having agreed to bring any disputes in San Francisco, California, Plaintiffs filed their lawsuit in this District instead on June 5, 2018. Dkt. 1. After the Court dismissed Plaintiffs' original complaint without prejudice for failing to comply with the requirement that it be "short and plain," Dkt. 12, Plaintiffs filed their FAC on June 26, 2018, Dkt. 13.[1] Plaintiffs assert eight causes of action: (1) First Amendment violations, (2) violation of Federal Election Rules, (3) breach of contract, (4) conversion, (5) antitrust violations,

---

[1] On July 27, 2018, Plaintiffs also filed a Motion for Preliminary Injunction, Dkt. 14, which they emailed to Twitter's counsel on October 26, 2018. Twitter intends to timely oppose that motion.

(6) negligent infliction of emotional distress, (7) tortious interference, and (8) promissory estoppel—all based on the underlying allegation that Twitter unlawfully banned their accounts and limited their access to political supporters and donors. FAC ¶¶ 1, 3-5, 13-31.

**III. ARGUMENT**

Plaintiffs' claims against Twitter should be transferred to the Northern District of California in accordance with the forum-selection clauses in Twitter's Terms. These forum-selection clauses are mandatory, applicable, enforceable and, under 28 U.S.C. § 1404(a), require transfer of Plaintiffs' claims. *See, e.g.*, *Wingo v. Twitter, Inc.*, No. 14-2643, 2014 WL 7013826, at *1, *3 (W.D. Tenn. Dec. 12, 2014) (transferring an action to the Northern District of California under the forum-selection clause in Twitter's Terms of Service, where plaintiff claimed he suffered physical injuries and emotional distress due to Twitter's alleged inadequacy in blocking unwanted and disturbing content).

**A. Legal Standard**

A forum-selection clause "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)," even though the clause "does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 58-59 (2013) (clarifying that "Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district").

"As a general rule, '[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018) (quoting *Atl. Marine*, 571 U.S. at 62). The plaintiff "bear[s] the burden of showing why the court should not transfer the case to the forum to which the parties agreed" and "[t]he plaintiff's subsequent choice of forum merits no weight." *Id.* (quoting *Atl. Marine*, 571 U.S. at 64). All factors related to the parties' private interests must be deemed "as weighing 'entirely in favor of the preselected forum.'" *Id.* at 1088 (quoting *Atl. Marine*, 571 U.S. at 64, 62 n.6). And although the court may consider factors relating to the public interest, such

1 factors "will rarely defeat a transfer motion." *Id.* "The practical result is that a forum-selection clause should control except in unusual cases" and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a motion to enforce a forum-selection clause be denied." *Id.* (quoting *Atl. Marine*, 571 U.S. at 62, 64) (internal quotation marks omitted); *see also, e.g.*, *Productive People, LLC v. Ives Design*, No. CV-09-1080-PHX-GMS, 2009 WL 1749751, at *3 (D. Ariz. June 18, 2009) (holding that personal jurisdiction and venue was proper in the District of Arizona because defendants agreed to GoDaddy.com's terms of service agreement, which included a forum-selection clause selecting that district that encompassed plaintiff's claims).

### B. The Forum-Selection Clauses Are Mandatory

The forum-selection clauses in Twitter's Terms are mandatory, not permissive, because they "contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995). Specifically, the forum-selection clauses provide that all disputes will be brought "solely in the federal or state courts located in San Francisco, County, California." These are unambiguous: the only venue where covered claims can be brought is in San Francisco County, which falls within the Northern District of California. Mandatory forum-selection clauses are presumptively valid and should be enforced absent a strong showing that enforcement would be unfair or unreasonable. *See Carnival Cruise Lines v. Shute, Inc.*, 499 U.S. 585, 593 95 (1991) (upholding the validity of a forum-selection clause in a form contract).

### C. Plaintiffs' Claims Fall Within the Scope of the Forum-Selection Clauses

The forum-selection clauses in Twitter's Terms encompass this dispute. The Ninth Circuit has recognized that "the scope and enforcement of a forum selection clause is a matter of contract." *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 632 (9th Cir. 1982). Accordingly, the clauses should "be given their ordinary meaning" and their "plain language . . . should be considered first." *Doe 1 v. AOL* LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206,

1210 (9th Cir. 1999)).

Here, Twitter's forum-selection clauses cover "[a]ll disputes" or "[a]ll claims, legal proceedings or litigation" that "aris[e] in connection with" Twitter's services. Smith Decl. ¶¶ 5-6, Exs. C-D. The dispute in this action and all of Plaintiffs' claims all relate to Twitter allegedly banning their accounts unlawfully. Plaintiffs' claims therefore "aris[e] in connection with" Twitter's services and fall within the scope of the forum-selection clauses.

### D. The Forum-Selection Clauses Are Enforceable

A forum-selection clause will control unless the plaintiff "ma[kes] a strong showing" that it "is invalid due to 'fraud or overreaching,'" that its enforcement would contravene "a strong public policy of the forum in which suit is brought," or that "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purpose be deprived of his day in court." *Yei A. Sun*, 901 F.3d at 1088 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (internal quotation marks omitted). None of these exceptions is present here.

First, Plaintiffs are admitted Twitter account holders that affirmatively sought to use Twitter's services and agreed to the applicable Terms. *See* FAC ¶¶ 10-11; Smith Decl. ¶¶ 2-3; *id.* ¶ 7, Ex. C ("[Twitter's] Terms of Service . . . govern your access to and use of the services . . . . By accessing or using the Services you agree to be bound by these Terms."); *id.* ¶ 7, Ex. D ("[Twitter's] Terms of Service . . . govern your access to and use of our services . . . . By using the Services you agree to be bound by these Terms."). Nothing about these circumstances supports an argument that the clauses are unreasonable or the result of fraud. Indeed, courts have routinely enforced Twitter's forum-selection clauses. *See, e.g.*, *Wingo*, 2014 WL 7013826, at *3 (enforcing Twitter's forum-selection clause as to a user who agreed to the Terms when he signed up for his account). That each forum-selection clause was "contained in a form contract offered by a larger entity does not show that the clause is unenforceable." *Desert Autosports LLC v. Auto. Fin. Corp.*, No. CV-13-01211-PHX-DGC, 2013 WL 4231151, at *1 (D. Ariz. Aug. 14, 2013). Nothing in Plaintiffs' complaint suggests that they agreed to these provisions through fraud; if Plaintiffs did not

-5-

want to agree to them, they could have chosen not to use Twitter's services.

Second, transferring the case would not violate the public policy of Arizona. To the contrary, "Arizona public policy favors enforcing forum selection clauses." *Desert Autosports*, 2013 WL 4231151, at *2; *see also Societe Jean Nicolas Et Fils v. Mousseux*, 597 P.2d 541, 543 (Ariz. 1979) ("[A] forum selection clause that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court."). Transferring the case therefore would vindicate, not violate, this State's public policy.

Finally, litigating in the Northern District of California would not be so "gravely difficult and inconvenient" that Plaintiffs would effectively be denied their day in court. *See Twitter, Inc. v. Skootle Corp.*, No. 12-1721-SI, 2012 WL 2375486, at *6 (N.D. Cal. June 22, 2012) (rejecting inconvenience argument where litigant agreed to terms of service as "insufficient to show that enforcement of the forum selection clause would be so gravely difficult as to deprive him of his day in court"). Further, as the Supreme Court held in *Atlantic Marine*, although a district court ordinarily evaluates the "convenience of parties and witnesses" on a motion to transfer, a forum-selection clause changes this analysis because it "represents the parties' agreement as to the most proper forum," and thus should be given "controlling weight in all but the most exceptional cases." 571 U.S. at 62. By consenting to the forum-selection clause, Plaintiffs "ha[ve] waived . . . the right to challenge the preselected forum as inconvenient." *Wingo*, 2014 WL 7013826, at *3.

Taken together, there is no reason to override "the presumption of enforceability" that requires Plaintiffs to bring their complaint against Twitter in the Northern District of California.

## IV. CONCLUSION

As a condition to access Twitter's services, Plaintiffs agreed to litigate any disputes with Twitter in the Northern District of California. For this reason, and as explained further above, this action should be transferred to the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: November 2, 2018 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: */s/ Jean-Jacques Cabou* |
| 4 | | Jean-Jacques Cabou<br>2901 North Central Avenue, Suite 2000 |
| 5 | | Phoenix, Arizona 85012-2788 |
| 6 | | *Attorneys for Defendant Google LLC* |

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

I further certify that I served the attached document by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

Craig R Brittain
8625 E Sharon Dr.
Scottsdale, AZ 85260
602-502-5612
Email: craigrbrittain@gmail.com
PRO SE

Brittain For US Senate
c/o Craig R Brittain
8625 E Sharon Dr.
Scottsdale, AZ 85260
602-502-5612
Email: craigrbrittain@gmail.com
PRO SE

         s/  Indy Fitzgerald

141804955.4