1  Jean-Jacques Cabou (Bar No. 022835)
   PERKINS COIE LLP
2  2901 North Central Avenue, Suite 2000
   Phoenix, Arizona 85012-2788
3  Telephone:  602.351.8000
   Facsimile:  602.648.7000
4  JCabou@perkinscoie.com
   DocketPHX@perkinscoie.com
5

6  *Attorneys for Defendant Twitter, Inc.*

7              UNITED STATES DISTRICT COURT

8                    DISTRICT OF ARIZONA

9  Craig R. Brittain, an individual and US Senate     No.  18-cv-01714-PHX-DGC
   candidate in Arizona in the 2018 Federal
10 Elections;

11 Brittain For US Senate, a Principal Campaign        **DEFENDANT TWITTER, INC.'S
   Committee (And on behalf of all similarly          RESPONSE IN OPPOSITION TO
12 affected users of Twitter),                         PLAINTIFFS' MOTION FOR
                                                       PRELIMINARY INJUNCTION**
13                       Plaintiffs,

14        v.

15 Twitter, Inc., a California corporation,

16                       Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Defendant Twitter, Inc. ("Twitter") respectfully asks the Court to deny the one-page Motion for Preliminary Injunction ("Motion") filed by Plaintiffs Craig R. Brittain and Brittain for US Senate ("Plaintiffs"). Plaintiffs' Motion neither addresses nor meets the legal standard governing issuance of a preliminary injunction for three reasons. First, Plaintiffs have not submitted any evidence to support their Motion, as required. Second, Plaintiffs have not shown and cannot show that they are likely to succeed on the merits or will suffer irreparable harm absent a preliminary injunction, or that the balance of equities or public interest tilt in their favor. Finally, Plaintiffs are not entitled to preliminary relief simply because Twitter has not responded to their Complaint or Mandatory Initial Discovery Pilot ("MIDP") requests. Plaintiffs had not even served Twitter when they filed their Motion and these facts do not warrant the extraordinary remedy of a preliminary injunction in any event.

## II.   BACKGROUND

### A.   Plaintiffs' Initial and Amended Complaints

Plaintiffs filed this lawsuit on June 5, 2018. Dkt. 1. The Court dismissed their original complaint without prejudice because it was not "short and plain," as required. Dkt. 12 at 2 (quoting Fed. R. Civ. P. 8). In doing so, the Court advised Plaintiff Craig R. Brittain "that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona." *Id.*; *accord* Dkt. 18 at 2.[1]

Plaintiffs subsequently filed an Amended Complaint asserting eight causes of action against Twitter based on their underlying allegations that Twitter unlawfully suspended Plaintiffs' Twitter accounts, thereby limiting access to political supporters and donors, on June 26, 2018. *See* Am. Compl., Dkt. 13 ("FAC") ¶¶ 13-31. Specifically, Plaintiffs bring claims against Twitter for (1) violation of the First Amendment, (2) violation of Federal

---

[1] Defendant respectfully notes that it appears Mr. Brittain is proceeding *in propia persona*, as well as presenting claims on behalf of Plaintiff Brittain for U.S. Senate, Inc., and presenting claims on behalf of a putative class. In pressing claims other than those on his personal behalf, Mr. Brittain appears to be acting in violation of LR Civ. 83.1(b).

1    Election Rules, (3) breach of contract, (4) conversion, (5) antitrust violations, (6) negligent

2    infliction of emotional distress, (7) tortious interference, and (8) promissory estoppel. *Id.*

3    On October 10, 2018, Plaintiffs sent counsel for Twitter a request to waive a service of

4    summons. Dkt. 19-1. Counsel for Twitter returned the waiver on October 18, 2018. Dkt. 19.

5        **B.    Plaintiffs' Motion for Preliminary Injunction**

6        On July 27, 2018, before serving Twitter and approximately two and a half months

7    before Twitter executed the waiver of service, Plaintiffs filed the instant Motion seeking

8    preliminary injunctive relief in the form of an order "requiring that Defendant immediately

9    reinstate, re-verify and/or verify . . . and be enjoined from suspending, shadowbanning,

10   limiting or otherwise crippling Plaintiff's Twitter accounts," including @CraigRBrittain,

11   @Brittain4Senate, @AuditTheMedia, and @SenatorBrittain. Mot. for Preliminary

12   Injunction ("Mot."), ¶¶ 3-4. Plaintiffs emailed Twitter the Motion on October 25, 2018.

13   Declaration of Ryan Mrazik in Support of Def. Twitter, Inc.'s Resp. in Opp. to Pls.' Mot.

14   for Preliminary Injunction ("Mrazik Decl.") ¶ 2.

15   **III.   ARGUMENT**

16       Plaintiffs' Motion should be denied because (1) they have not supported their Motion

17   with evidence, as required, (2) they have not and cannot meet the applicable legal standard,

18   and (3) Plaintiffs' additional arguments are inapplicable and unavailing.

19       **A.    Legal Standard**

20       A preliminary injunction is an extraordinary remedy and "one that should not be

21   granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek

22   v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, &

23   M. Kane, Federal Practice and Procedure § 2948, 129–130 (2d ed.1995)). Importantly, "[a]

24   motion for preliminary injunction . . . must be supported by '[e]vidence that goes beyond

25   the unverified allegations of the pleadings.'" *Rodrigues v. Ryan*, No. 3:16-cv-08272-DGC-

26   ESW, 2017 WL 5068468, at *3 (D. Ariz. Nov. 3, 2017) (second alteration in original)

27   (quoting *Fidelity Nat'l Title Ins. Co. v. Castle*, No. C 11-0896 SI, 2011 WL 5882878, at *3

28   (N.D. Cal. 2011)), *aff'd*, 718 F. App'x 577 (9th Cir. 2018).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under the Ninth Circuit's "sliding scale approach to the *Winter* test, a preliminary injunction is also appropriate when a plaintiff raises serious questions as to the merits and the balance of hardships tips sharply in his favor." *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1103 n.4 (9th Cir. 2016) (citation and quotation marks omitted).

When a plaintiff seeks a mandatory injunction that "goes well beyond simply maintaining the status quo *pendente lite*," preliminary relief is "particularly disfavored." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)). For this reason, "[w]hen a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party." *Id.* (quotation marks omitted). This heightened standard applies here because Plaintiffs ask the Court to order Twitter to affirmatively "reinstate, re-verify and/or verify" their suspended accounts. Mot. ¶ 3.

### B.  Plaintiffs' Motion Should Be Denied Because It Is Not Supported by Evidence.

Plaintiffs have offered no evidence to support their Motion, relying solely on unsworn statements in the Motion itself and, presumably, the unsworn allegations in their Amended Complaint. *See* Mot. at 2. Their request for preliminary injunctive relief should be denied for this reason alone. *See Rodrigues*, 2017 WL 5068468, at *3 (denying motion for preliminary injunction because, among other reasons, "Plaintiff offer[ed] no support beyond his own unsworn statements for the facts alleged").

C.    **Plaintiffs Have Not Addressed the Factors Governing Preliminary Injunctions and Cannot Meet Them in Any Event.**

1.    **Plaintiffs Have Failed Entirely to Address the *Winter* Standard.**

Plaintiffs have not mentioned the *Winter* standard, let alone argued that they satisfy it. The Motion should therefore be denied because Plaintiffs, having failed to address it, have not met "the [heightened] burden of proof on each element of the [*Winter*] test." *Brinkman v. Schriro*, No. CV 08-0670-TUC-FRZ, 2012 WL 12538560, at *2 (D. Ariz. Jan. 30, 2012) (denying motion partially due to failure to "present any argument as to [the balance of equities] factor"); *cf. Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 694 F. App'x 561, 562 (9th Cir. 2017) (memorandum disposition) ("The district court did not abuse its discretion by denying Fang's motion for a preliminary injunction, because Fang failed to provide any argument that the four *Winter* elements are met.").

2.    **Plaintiffs Cannot Satisfy the *Winter* Test in Any Event.**

Alternatively, the Court should deny Plaintiffs' motion because they cannot show that the *Winter* test is satisfied—much less that the "facts and law clearly favor" Plaintiffs—given the content of the underlying complaint. *Stanley*, 13 F.3d at 1320.

a.    **Plaintiffs Cannot Show a Likelihood of Success on the Merits.**

Under either the traditional *Winter* test or its sliding scale variant, "at an irreducible minimum . . . [Plaintiffs] must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (per curiam) (citation and alteration omitted). Plaintiffs cannot do so because their claims (1) fail as a matter of law on their own terms and (2) are barred by Section 230 of the Communications Decency Act and the First Amendment.[2]

First, Plaintiffs' claims fail as a matter of law for reasons that include:

---

[2] Twitter intends to move to dismiss Plaintiffs' complaint on these and other grounds.

4

- **First Amendment Claim:** Twitter is not a state actor, notwithstanding Plaintiffs' conclusory allegations that its service comprises a "public forum" that received "financial and official support from President Barack Obama and the US Federal Government," FAC ¶ 4, and therefore is not subject to constitutional requirements and cannot be liable for First Amendment violations. *See Quigley v. Yelp, Inc.*, Case No. 17-cv-03771-RS, ECF No. 69 (N.D. Cal. Jan. 22, 2018) (dismissing plaintiff's constitutional claims against defendants, including Twitter, because "he cannot show that any of the defendants are state actors") (attached as Exhibit A to the Mrazik Declaration).

- **Federal Election Rule Claim:** Plaintiffs cannot prove a violation of 47 U.S.C. § 315 because Twitter is neither a covered licensee nor does Twitter facilitate use of a broadcasting station, and Plaintiffs make no allegations to the contrary, *see* FAC ¶ 5 (alleging only that Twitter has unspecified "business partnerships" with various cable networks).

- **Breach of Contract Claim:** The Complaint identifies no contractual duty (nor is there any) that requires Twitter to keep Plaintiffs' Twitter accounts active.

- **Conversion Claim:** The Complaint does not identify any tangible property or intangible property that is merged in, or identified with, some document.

- **Antitrust Claim:** Plaintiffs have not pled that Twitter (1) is in "[p]ossession of monopoly power in the relevant market," (2) acquired or maintained that power willfully, or (3) caused resulting antitrust injury. *Pac. Exp., Inc. v. United Airlines, Inc.*, 959 F.2d 814, 817 (9th Cir. 1992).

- **Negligent Infliction of Emotional Distress Claim:** Plaintiffs' allegations of monetary and emotional injury are insufficient. *See Villareal v. Ariz. Dep't of Transp.*, 774 P.2d 213, 220 (Ariz. 1989).

- **Tortious Interference Claim:** Plaintiffs do not identify any existing contractual relationship or any specific, non-speculative business expectancy with a third party. *Dube v. Likins*, 167 P.3d 93, 98 (Ariz. Ct. App. 2007) (quoting *Miller v. Hehlen*, 104 P.3d 193, 202 (Ariz. Ct. App. 2005)).

- **Promissory Estoppel Claim:** Plaintiffs neither alleged a promise by Twitter nor that they relied on such a promise to their detriment. *See Johnson Int'l, Inc. v. City of Phoenix*, 967 P.2d 607, 615 (Ariz. Ct. App. 1998).[3]

Further, even if they again re-pled their Complaint, Plaintiffs' claims are barred by Section 230 of the Communications Decency Act ("CDA") and the First Amendment.

The CDA provides that "[n]o provider or user of an interactive computer service ["ICS"] shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Here, (1) Twitter is acting as an ICS, *see Am. Freedom Defense Initiative v. Lynch*, 217 F. Supp. 3d 100, 104 (D.D.C. 2016) (collecting cases recognizing status of social media sites as ICS), (2) Plaintiffs are the content providers for the relevant accounts, and (3) each of Plaintiffs' claims seek to hold Twitter "liable for its exercise of [its] traditional editorial functions—[i.e., for] deciding whether to publish, withdraw, postpone or alter content." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."). The CDA therefore bars Plaintiffs' claims. *Cf. Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017) (affirming dismissal under the CDA where plaintiff alleged unlawful removal of a Facebook page).

The First Amendment also bars Plaintiffs' claims. Twitter owns and controls its online space, and it has its own First Amendment right to suspend objectionable accounts—

---

[3] This theory also conflicts with Plaintiffs' claim for breach of contract. *See id.* ("Promissory estoppel is not a theory of contract liability, but instead a replacement for a contract when parties are unable to reach a mutual agreement.").

and it certainly has the right to suspend accounts that violate its policies. *See, e.g.*, *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557, 569-70 (1995) (holding that parade organizers had First Amendment right to exclude "a group imparting a message the organizers [did] not wish to convey"); *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 636 (1994) (holding that "[c]able programmers and cable operators engage in and transmit speech, and they are entitled to the protection of the speech and press provisions of the First Amendment").  Twitter also cannot be compelled to reinstate accounts such as Plaintiffs' without suffering a violation of its own right not to speak.

### b.    Plaintiffs Cannot Show Irreparable Harm.

Even if Plaintiffs could show a likelihood of success on the merits, they cannot satisfy the remaining *Winter* factors. The only harm alleged in the FAC is emotional and monetary harm stemming from the loss of "500,000 followers and 2,000 high profile followers." FAC ¶ 4. This injury has already occurred and therefore cannot be potential irreparable harm. *See Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011) ("[M]andatory injunctions are not granted unless extreme or very serious damage *will result* . . . ." (emphasis added)); *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("[A] plaintiff must demonstrate *immediate threatened* injury as a prerequisite to preliminary injunctive relief." (emphasis added)).

### c.    The Balance of Equities Weighs in Favor of Twitter.

The third *Winter* factor requires courts to "balance the competing claims of injury and . . . consider the effect on each party of the granting or withholding of the requested relief." 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987)). Plaintiffs have failed to show, or even allege, *any* cognizable injury because Twitter has no obligation to keep their accounts active. Conversely, Plaintiffs seek an order that would irreparably harm Twitter by violating its First Amendment editorial rights. *See supra* Section III.C.2.a; *see also Valenzuela v. Ducey*, 329 F. Supp. 3d 982 (D. Ariz. 2018) ("[T]he balance of the equities favor prevent[ing] the violation of a party's constitutional rights." (quoting *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014))).

### d.   The Public Interest Weighs in Favor of Twitter.

Finally, the public interest weighs in favor of effectuating the public policy set forth in the CDA and the First Amendment rights of online publishers to provide and suspend accounts from their services. *See* Section III.C.2.a; *see also Google LLC v. Equustek Sols. Inc.*, No. 5:17-CV-04207-EJD, 2017 WL 5000834, at *3 (N.D. Cal. Nov. 2, 2017) (explaining that Congress enacted the CDA because it "recognized that free speech on the internet would be severely restricted if websites were to face tort liability for hosting user-generated content." (citing *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997))).

### D.   Plaintiffs' Other Arguments Fail on Their Own Terms.

Plaintiffs argue that a preliminary injunction should issue because Twitter did not timely respond to their Amended Complaint or fulfill the MIDP requirements. But on July 27, 2018, when Plaintiffs filed their Motion, Twitter had not been served with the Complaint, summons, or the Motion. *See* Dkts. 17-19; *see also* Fed. R. Civ. P. 65(a)(1) (requiring "notice to the adverse party" before a preliminary injunction may issue). In fact, Twitter's response to the Complaint is not due until December 10, 2018. *See* Fed. R. Civ. P. 4(d)(3). And Twitter's MIDP responses would be due, at the earliest, 30 days later.[4] The premise of Plaintiffs' argument therefore is simply wrong.

And regardless, even if Plaintiffs' assertions were true, Plaintiffs would not be entitled to a preliminary injunction. When a defendant does not timely respond, a plaintiff may seek *default*, followed by a default judgment—not a preliminary injunction. *See* Fed. R. Civ. P. 55(a)-(b).

## IV.   CONCLUSION

For the reasons discussed above, Twitter respectfully asks this Court to deny Plaintiffs' motion for a preliminary injunction.

---

[4] Twitter reserves its rights to seek a stay of the MIDP deadlines pending its motion to transfer venue, Dkt. 22, or because Twitter is asserting immunity under the CDA.

1  Dated:  November 8, 2018          **PERKINS COIE LLP**

2

3                                    By: */s/ Jean-Jacques Cabou*

4                                        Jean-Jacques Cabou
                                         2901 North Central Avenue, Suite 2000
5                                        Phoenix, Arizona 85012-2788

6                                    *Attorneys for Defendant Twitter, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

I further certify that I served the attached document by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

Craig R Brittain
8625 E Sharon Dr.
Scottsdale, AZ 85260
602-502-5612
Email: craigrbrittain@gmail.com
PRO SE

Brittain For US Senate
c/o Craig R Brittain
8625 E Sharon Dr.
Scottsdale, AZ 85260
602-502-5612
Email: craigrbrittain@gmail.com
PRO SE

*/s/ Indy Fitzgerald*
Indy Fitzgerald, Legal Secretary

141831325.3