1  Jean-Jacques Cabou (Bar No. 022835)
2  PERKINS COIE LLP
   2901 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012-2788
   Telephone:  602.351.8000
4  Facsimile:   602.648.7000
   JCabou@perkinscoie.com
5  DocketPHX@perkinscoie.com

6  *Attorneys for Defendant Twitter, Inc.*

7              UNITED STATES DISTRICT COURT

8                   DISTRICT OF ARIZONA

9   Craig R. Brittain, an individual and US Senate
    candidate in Arizona in the 2018 Federal          No.  18-cv-01714-PHX-DGC
10  Elections;

11  Brittain For US Senate, a Principal Campaign       **DEFENDANT TWITTER, INC.'S**
    Committee (And on behalf of all similarly          **REPLY IN SUPPORT OF**
12  affected users of Twitter),                        **MOTION TO TRANSFER VENUE**

13                         Plaintiffs,

14        v.

15  Twitter, Inc., a California corporation,

16                         Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

Despite having twice agreed to the Terms of Service ("Terms") governing use of the services provided by defendant Twitter, Inc. ("Twitter"), Plaintiffs Craig R. Brittain and Brittain For Senate now seek to avoid the forum-selection clause in those Terms. *See* Dkt. 27. Notably, however, Plaintiffs do not dispute that (1) they agreed to the Terms, (2) the Terms' forum-selection clause is mandatory and not permissive, and (3) their claims in this action are within the scope of the clause. Rather, Plaintiffs argue that the forum-selection clause should not be enforced because (1) the Terms comprise an illusory contract, (2) Craig R. Brittain is a *pro se* litigant who is proceeding *in forma pauperis*, (3) federal questions and breach of contract claims cannot be transferred, and (4) transfer would be against Arizona public policy. Plaintiffs' arguments do not meet the heavy burden required to avoid enforcement of a valid forum-selection clause. This action should therefore be transferred to the Northern District of California.

## II.    ARGUMENT

### A.     Twitter's Terms Are Neither Illusory nor Unconscionable, and Plaintiffs' Agreement Created an Enforceable Contract

Plaintiffs contend that Twitter's Terms are illusory and unconscionable, such that the forum-selection clause cannot be enforced. Not so. Twitter's Terms impose mutual obligations on both Twitter and its users, and are of the precise type that courts in this district and others within the Ninth Circuit routinely enforce.

Plaintiffs' primary argument is that the existence of a unilateral modification clause renders the entire agreement illusory and unenforceable. Dkt. 27 ¶¶ 1, 4-6. The applicable Terms provide:

> We may revise these Terms from time to time. The changes will not be retroactive, and the most current version of the Terms, which will always be at twitter.com/tos, will govern our relationship with you. We will try to notify you of material revisions, for example via a service notification or an email to the email associated with your account. By continuing to access or use the Services after those revisions become effective, you agree to be bound by the revised Terms.

Decl. of Courtney Smith in Supp. of Twitter's Mot. to Transfer Venue, Dkt. 23 ("Smith Decl.") ¶ 7, Ex. D; *see also id.* ¶ 7, Ex. C ("We may revise these Terms from time to time, the most current version will always be at twitter.com/tos. If the revision, in our sole discretion, is material we will notify you via an @Twitter update or e-mail to the email associated with your account. By continuing to access or use the Services after those revisions become effective, you agree to be bound by the revised Terms."). These provisions are enforceable and do not render Twitter's Terms illusory for several reasons.

*First*, contrary to Plaintiffs' suggestion, a unilateral modification clause does not render an agreement per se illusory. *See, e.g.*, *Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 106 (E.D.N.Y. 2015) ("[T]he fact that one party to an arbitration agreement has the unilateral right to modify that agreement does not automatically render the agreement illusory."); *Serpa v. California Sur. Investigations, Inc.*, 155 Cal. Rptr. 3d 506, 514 (Ct. App. 2013) ("[I]t has long been the rule that a provision in an agreement permitting one party to modify contract terms does not, standing alone, render a contract illusory . . . .").

Similarly, Arizona courts recognize that agreements are only illusory where there is no "mutuality of obligation." *Great W. Bank v. LJC Dev.*, LLC, 362 P.3d 1037, 1043 (Ariz. Ct. App. 2015). The forum selection clause at issue here mandates that *both* Plaintiffs and Twitter must pursue claims in the courts of San Francisco County. *See* Smith Decl. ¶ 7, Exs. C-D (providing that "*all*" claims and disputes "*will be brought*" in that forum (emphasis added)). Twitter also is bound by its own promise to provide notice to users of "material" changes to the Terms. *See* Smith Decl. ¶ 7, Ex. D ("We will try to notify you of material revisions . . . ."); *id.* ¶ C ("If the revision, in our sole discretion, is material we will notify you . . . ."). That the forum-selection clause involves an exchange of obligations by both parties to the contract confirms that the agreement is enforceable and not illusory. *Cf. Keena v. Groupon, Inc.*, 192 F. Supp. 3d 630, 639 (W.D.N.C. 2016) (finding arbitration provision non-illusory where both parties were bound to arbitrate), *appeal dismissed*, 886 F.3d 360 (4th Cir. 2018).

**Second**, the key case on which Plaintiffs' theory rests, *In re Zappos.com, Inc., Customer Data Security Breach Litigation*, 893 F. Supp. 2d 1058, 1066 (D. Nev. 2012), involved a materially distinct *retroactive* modification provision. The retroactivity—which does not exist here—was the "fatal flaw" with the *Zappos* modification clause. *See Williams v. TCF Nat. Bank*, No. 12 C 05115, 2013 WL 708123, at *10 (N.D. Ill. Feb. 26, 2013) (upholding terms of use with unilateral modification clause and distinguishing *Zappos* on retroactivity grounds); *see also Zappos*, 893 F. Supp. 2d at 1066 (observing that "if a consumer sought to invoke arbitration pursuant to the Terms of Use, nothing would prevent Zappos from unilaterally changing the Terms and making those changes applicable *to that pending dispute* if it determined that arbitration was no longer in its interest" (emphasis added)). Here, Twitter has not sought to reserve the right to retroactively modify its Terms. *See* Smith Decl. ¶ 7, Exs. C-D. Nor has it ever modified them on this point—**Twitter has never selected a forum other than the courts of San Francisco county, where Twitter is headquartered**. *See id.*; *see also generally* Twitter, Previous Terms of Service, https://twitter.com/en/tos/previous.  Put differently, here Twitter seeks only to do what *both* parties have *always* agreed to do—bring *all* claims and disputes in the courts of San Francisco County.

**Finally**, Plaintiffs' contention that the Terms are illusory is "obviously frivolous" because Plaintiffs are themselves pursuing a claim for breach of contract, *see* FAC ¶¶ 18-20, and "[o]ne cannot both sue for breach of a contract and at the same time argue that the terms of that contract are [unenforceable as illusory]." *Talyancich v. Microsoft Corp.*, No. C12-1128-JCC, 2012 WL 12941690, at *4 n.3 (W.D. Wash. Nov. 2, 2012); *cf.* Dkt. 27 ¶ 4 (alleging "the entirety of the contract is invalid" and claiming "that Twitter's 'Terms of Service' contract in entirety . . . is unenforceable").

Plaintiffs' other arguments are equally unavailing. Plaintiffs appear to suggest that the Terms are invalid because they do not include an arbitration clause. *See, e.g.*, Dkt. 27 ¶ 1 (citing "legally required arbitration"), ¶ 4 (citing lack of "opportunity for bargaining or mandatory arbitration"). Twitter is not obligated to include an arbitration provision in its

terms of use. *See Schoneberger v. Oelze*, 96 P.3d 1078, 1082 (Ariz. Ct. App. 2004) ("Arbitration is a creature of contract law.").

Plaintiffs also recite that "the contract itself is unconscionable," Dkt. 27 ¶ 4, but do not present any argument to support that statement. The record plainly shows that the Terms are neither substantively nor procedurally unconscionable. Twitter's services are free and forum-selection clauses are presumptively valid, so there is no basis to conclude the relevant Terms are substantively unconscionable—i.e., "one-sided," "oppress[ive]," or significantly disparate in "cost-price." *Maxwell v. Fid. Fin. Servs., Inc.*, 907 P.2d 51, 58 (Ariz. 1995); *see also Dunn v. FastMed Urgent Care PC*, 424 P.3d 436, 442 (Ariz. Ct. App. 2018) ("A party challenging a forum-selection clause bears the burden of showing its unenforceability . . . .").

In addition, Twitter's Terms are presented as a "clickwrap" agreement: all Twitter users are presented with and must affirmatively assent to the terms of use at the time of registration. *See* Smith Decl. ¶¶ 2-3, Exs. A-B (describing registration process). Courts regularly hold that such agreements are valid and not procedurally unconscionable. *See, e.g.*, *United States v. Drew*, 259 F.R.D. 449, 462 (C.D. Cal. 2009) (collecting cases and observing that "[c]lickwrap agreements have been routinely upheld"); *see also Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1175-76 (W.D. Wash. 2014) (upholding clickwrap terms of use with unilateral modification clause and distinguishing *Zappos* because the *Zappos* clause was contained in a "browsewrap agreement which required absolutely no affirmative action on the part of consumers" (internal quotation marks omitted)). That Plaintiffs did not have the opportunity to bargain over the Terms does not suffice to show procedural unconscionability. *Davis v. USA Nutra Labs*, 303 F. Supp. 3d 1183, 1196 (D.N.M. 2018) (rejecting argument that Groupon's Terms of Use were procedurally unconscionable because they were "offered by Groupon to its members through a clickwrap process on a take-it-or-leave-it basis, without an opportunity for bargaining" where plaintiff could have chosen to purchase the item at issue from a different merchant).

In short, Twitter's Terms, including the forum selection clause, are enforceable and neither illusory nor unconscionable.

**B.      Plaintiffs' In Forma Pauperis and Pro Se Status Does Not Preclude Transfer**

Plaintiffs "have not carried their heavy burden to show that enforcement of the forum-selection clause would deprive them of their day in court." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1093 (9th Cir. 2018). Plaintiffs relay the difficulties they face litigating this action in light of Plaintiff Craig R. Brittain's status as a *pro se* litigant proceeding *in forma pauperis*. Dkt. 27 ¶ 1, ¶ 5.  Twitter acknowledges that proceeding *pro se* and *in forma pauperis* makes pursuing litigation more difficult than it would be for a litigant with legal representation and ample financial resources. But Plaintiffs' financial circumstances cannot remake their contract with Twitter. And Plaintiffs have not identified any ways in which litigating *in the Northern District of California* would be more difficult than litigating in the District of Arizona. Indeed, the Northern District of California allows litigants to file by mail or by fax, eliminating the need for Mr. Brittain to bicycle or use public transportation to this Court for filing. *See* Dkt. 27 ¶ 1; N.D. Cal. Civil L.R. 5-3; *see also* U.S. District Court, Northern District of California, Filing Procedures (San Francisco), *available at* https://www.cand.uscourts.gov/filingprocsf (last visited Nov. 9, 2018); U.S. District Court, Northern District of California, Pro Se Handbook at 13, *available at* https://www.cand.uscourts.gov/prosehandbook. Plaintiffs also could renew their request for electronic filing with the Northern District of California. *See* N.D. Cal. Civil L.R. 5-1(b); Dkts. 3, 10, 12, 15, 17.[1]

---

[1] Plaintiffs have not argued that any travel to California that may be required would pose an undue hardship sufficient to satisfy "the 'heavy burden of proof,' required to set aside the [forum-selection] clause on grounds of inconvenience." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Even if they had made this argument, however, it would not be sufficient to outweigh enforcement of the selected forum. *Compare, e.g.*, *Joseph v. Amazon.Com, Inc.*, No. C12-06256 HRL, 2013 WL 4806462, at *6 (N.D. Cal. Sept. 9, 2013) (rejecting argument against enforcement of forum-selection clause where "Plaintiff asserts that travel will present a hardship, but there is no indication that he is infirm, disabled, or otherwise financially unable to travel"), *with Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135, 1142 (N.D. Cal. 2000) (declining to enforce forum-selection

The difficulties that Plaintiffs face proceeding *pro se* and *in forma pauperis* exist in the District of Arizona just as they do in the Northern District of California. There is no basis to deny transfer on this ground.

### C.     The Nature of Plaintiffs' Claims Do Not Weigh Against Transfer

Plaintiffs appear to contend that transfer is inappropriate because (1) whether Twitter qualifies as a public forum within the meaning of the First Amendment is a federal question for which venue rests exclusively in the District of Arizona, where Plaintiffs contend the majority of the events occurred; and (2) Plaintiffs have asserted a claim for breach of contract. These arguments lack merit.

First, there is no basis for Plaintiffs' contention that only the District of Arizona may decide the federal question of whether Twitter is a public forum. Any federal district court— including the Northern District of California—is equally qualified to interpret and apply federal law. *See* 28 U.S.C. § 1331 (granting original jurisdiction over federal questions to "[t]he district courts"); *cf. Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984) ("[T]he principal purpose of giving *federal courts* original jurisdiction over *federal* claims is to afford parties relying on *federal* law a sympathetic, knowledgeable forum for the vindication of their *federal* rights . . . ." (emphases added)). Indeed, even in the absence of the forum-selection clause, the Northern District of California would be a proper venue for Plaintiffs' claims because it is a "judicial district in which [the] defendant resides." 28 U.S.C. § 1391(b)(2), (c)(2), (d); *see* Smith Decl. ¶ 4, Exs. C-D (Twitter's headquarters are located in San Francisco, California).

Further, courts regularly enforce forum-selection clauses to transfer claims that pose federal questions and claims for breach of contract. *See, e.g.*, *Spectra Fin. Servs. LLC v. RMP Capital Corp.*, No. 2:13-CV-02181 JWS, 2014 WL 1338507, at *4 (D. Ariz. Apr. 3,

---

clause selecting Florida as the venue because of the "degree, combination, or cumulative effect of severe physical *and* economic disabilities" faced by the named plaintiffs, both of whom were wheelchair-bound and unable to travel by air, while acknowledging the "numerous cases . . . which support the proposition that physical and financial hardships are simply of no consequence to a court's fundamental fairness inquiry").

2014) (enforcing forum-selection clause contained in agreement, including for breach-of-contract claim alleging material breach of that agreement); *Stone v. Cty. of Lassen*, No. 2:12-CV-01946-MCE, 2013 WL 269085, at *4 (E.D. Cal. Jan. 23, 2013) (enforcing forum-selection clause in employment agreement, including for claims brought under the First Amendment).

Finally, it is far from clear that the majority of relevant events took place in Arizona—Twitter's headquarters are located in San Francisco, California, and that is where any decisions to suspend or terminate Plaintiffs' account would have been made and implemented. *See* Compl., Dkt. 1 ¶ 44; FAC ¶ 12; Smith Decl. ¶ 4, Exs. C-D.

**D.     Arizona's Public Policy Favors Enforcing Forum-Selection Clauses**

Plaintiffs offer no basis for their conclusory statement that "the public policy of the Venue of the District of Arizona is superior to that of the requested forum." Dkt. 27 ¶ 5. Plaintiffs cite the supposed "public interest of over one billion total users," including the allegedly "tens of millions who have been censored, deverified or suspended by Twitter," *id.*, but draw no connection between the interests of those users—most of whom are *not* located in Arizona—and Arizona public policy. In fact, "Arizona public policy *favors* enforcing forum selection clauses." *Desert Autosports LLC v. Auto. Fin. Corp.*, No. CV-13-01211-PHX-DGC, 2013 WL 4231151, at *2 (D. Ariz. Aug. 14, 2013) (emphasis added); *see also Kingman Hosp. Inc. v. MPC Computers, LLC*, No. CV-07-8160-PCT-PGR, 2008 WL 2065241, at *2 (D. Ariz. May 14, 2008) ("Arizona courts routinely hold that forum selection clauses are presumptively valid and that the party claiming the oppressiveness or unreasonableness needed to invalidate such a clause must meet a heavy burden of proof." (citing *Bennett v. Appaloosa Horse Club*, 35 P.3d 426, 428, 41 (Ariz. App. 2001))).

The public policy of Arizona therefore supports transfer.

**III.   CONCLUSION**

For the reasons discussed above and in Twitter's Motion to Transfer, Dkt. 22, Twitter respectfully asks this Court to transfer this action to the Northern District of California.[2]

Dated:  November 13, 2018          **PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*
    Jean-Jacques Cabou
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

*Attorneys for Defendant Twitter, Inc.*

---

[2] Plaintiffs request oral argument on Twitter's Motion to Transfer and Plaintiffs' Motion to Compel. Dkt. 27 ¶ 13. Twitter considers oral argument unnecessary to decide the issues raised in these pleadings, but if the Court determines a hearing may be helpful in reaching its decision, Twitter is of course prepared to attend and argue its position.

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on November 13, 2018, I electronically transmitted the

3  foregoing document to the Clerk's Office using the CM/ECF System for filing.

4       I further certify that I served the attached document by U.S. Mail on the following,

5  who are not registered participants of the CM/ECF System:

6

7  Craig R Brittain
   8625 E Sharon Dr.
8  Scottsdale, AZ 85260
   602-502-5612
9  Email: craigrbrittain@gmail.com
   PRO SE
10

11  Brittain For US Senate
    c/o Craig R Brittain
12  8625 E Sharon Dr.
    Scottsdale, AZ 85260
13  602-502-5612
    Email: craigrbrittain@gmail.com
14  PRO SE

15                                  s/     Indy Fitzgerald

16

17

    142093334.3
18

19

20

21

22

23

24

25

26

27

28