Jean-Jacques Cabou (Bar No. 022835)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
JCabou@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Craig R. Brittain, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;<br><br>Brittain For US Senate, a Principal Campaign Committee (And on behalf of all similarly affected users of Twitter).<br><br>Plaintiffs,<br><br>v.<br><br>Twitter, Inc., a California corporation,<br><br>Defendant. | No. 18-cv-01714-PHX-DGC<br><br>**DEFENDANT TWITTER, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

Plaintiffs' affirmative requests, styled as a "Motion to Compel," seek (1) to require Twitter to respond to Mandatory Initial Discovery Pilot ("MIDP") requests nearly two months before the deadline imposed by the District of Arizona's Local Rules and MIDP General Order and (2) to obtain the ultimate injunctive relief they request in this action. Plaintiffs' requests are baseless and improper.

Plaintiffs' request that Twitter immediately produce documents under the MIDP is premature. Twitter's response to Plaintiffs' complaint is due on December 10, 2018, sixty days after Plaintiffs asked Twitter to waive service. *See* Fed. R. Civ. P. 4(d)(3); Dkt. 19. Any initial responses the MIDP may require Twitter to provide, therefore, would be due no

sooner than January 9, 2019, thirty days later. *See* Gen. Order 17-18 ¶ 6; Dkt. 5 at 5.[1] Similarly, there is ample time before the December 3, 2018 deadline, to meet and confer as required by Federal Rule of Civil Procedure 26(f) and this Court's Order dated October 26, 2018. *See* Dkt. 20; *see also* Dkt. 27 ¶ 12 (accusing Twitter's counsel of "becoming non-communicative" with respect to Plaintiffs' request for conference). Far from engaging in "textbook dilatory conduct," Dkt. 27 ¶ 11, Twitter is complying with the deadlines set by the Court, this District's Local Rules, and the Federal Rules of Civil Procedure. There is no basis for compelling Twitter to respond on a more expedited schedule.

Plaintiffs also seek an order requiring Twitter to reinstate and restore *all* previously "suspended, censored or verified accounts" and to "refrain from any future suspensions, censorious actions, deverifications or deletion of user postings 'tweets'"—i.e., to never again exercise any editorial control over its platform. Plaintiffs' request, if granted, would not only vitiate Twitter's immunity under Section 230 of the Communications Decency Act, but also would violate Twitter's own First Amendment rights to select what appears on its platform and exclude accounts that violate its policies. *See, e.g.*, *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 569-70 (1995) (First Amendment protects parade organizers' decision to exclude "a group imparting a message the organizers [did] not wish to convey"); *Mezey v. Twitter, Inc.*, No. 1:18-cv-21069-KMM, 2018 WL 5306769, at *1 (S.D. Fla. July 19, 2018) (dismissing claims based on allegations that Twitter "unlawfully suspended [plaintiff's] Twitter account" because they sought "to hold Twitter 'liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content'" (quoting *Fair Hous. Counc. Of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157-1170-71 (9th Cir. 2008))).

Not only is this request substantively inappropriate, it also is procedurally improper. The injunctive relief Plaintiffs seek in their putative "Motion to Compel" is the permanent

---

[1] Twitter again reserves its rights to seek a stay of the MIDP deadlines pending its motion to transfer venue, or because Twitter is asserting immunity under the CDA. *See also* Dkt. 28 at 8 n.4.


injunction sought as ultimate relief in Plaintiffs' Amended Complaint. *See* FAC, Dkt. 13 at 9 ¶ 7 (seeking "an injunction permanently preventing the Defendant from suspending, shadowbanning, blocking, downranking or otherwise limiting and/or preventing access to the use of public forums on their website, and to fully restore all previously suspended and/or limited accounts"). There is no procedural mechanism for a plaintiff to obtain *permanent* injunctive relief before any adjudication of liability, much less before the defendant has even responded to the complaint—and certainly nothing in Federal Rule of Civil Procedure 37 authorizes a motion to compel such a result.

For all these reasons, Plaintiffs' Motion to Compel should be summarily denied.

Dated:  November 13, 2018        **PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*
Jean-Jacques Cabou
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

*Attorneys for Defendant Twitter, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

I further certify that I served the attached document by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

Craig R Brittain
8625 E Sharon Dr.
Scottsdale, AZ 85260
602-502-5612
Email: craigrbrittain@gmail.com
PRO SE

Brittain For US Senate
c/o Craig R Brittain
8625 E Sharon Dr.
Scottsdale, AZ 85260
602-502-5612
Email: craigrbrittain@gmail.com
PRO SE

                                            s/     Indy Fitzgerald

142122646.1