Jean-Jacques Cabou (Bar No. 022835)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
JCabou@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Craig R. Brittain, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;<br><br>Brittain For US Senate, a Principal Campaign Committee (And on behalf of all similarly affected users of Twitter).<br><br>Plaintiffs,<br><br>v.<br><br>Twitter, Inc., a California corporation,<br><br>Defendant. | No. 18-cv-01714-PHX-DGC<br><br>**MOTION TO STAY OR, IN THE ALTERNATIVE, EXTEND DEADLINES FOR ANSWER AND MANDATORY INITIAL DISCOVERY PILOT RESPONSES**<br><br>**EXPEDITED CONSIDERATION REQUESTED**<br><br>**CURRENT ANSWER DEADLINE: December 10, 2018** |

**TWITTER, INC.'S MOTION TO STAY OR, IN THE ALTERNATIVE, EXTEND DEADLINES FOR ANSWER AND MANDATORY INITIAL DISCOVERY PILOT RESPONSES**

Defendant Twitter, Inc. ("Twitter") respectfully seeks relief from its December 10, 2018 answer deadline and its January 9, 2019 initial Mandatory Initial Discovery Pilot ("MIDP") response deadline until this action is transferred to the U.S. District Court for the Northern District of California (at which point this district's early answer and MIDP deadlines would no longer apply) or, if this action is not transferred, until this Court issues a decision on Twitter's anticipated motion to dismiss based in part on immunity from suit under Section 230 of the Communications Decency Act ("CDA"). In the alternative, Twitter seeks a 30-day extension of these deadlines on the same grounds for good cause shown. It is Twitter's understanding that Plaintiffs oppose this motion.

Because Twitter's answer deadline is imminent, expedited consideration of this motion is required for relief to be effective. This motion is supported by the following memorandum of points and authorities, the exhibit hereto, the Declaration of Ryan T. Mrazik in Support of Twitter, Inc.'s Motion to Stay or, in the Alternative, Extend Deadlines for Answer and Mandatory Initial Discovery Pilot Responses, and the record in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TWITTER, INC.'S MOTION TO STAY OR, IN THE ALTERNATIVE, EXTEND DEADLINES FOR ANSWER AND MANDATORY INITIAL DISCOVERY PILOT RESPONSES**

**I.     INTRODUCTION**

Because this District is participating in the MIDP, Twitter is required to file its answer on December 10, 2018, even if it concurrently moves to dismiss the complaint, and to serve responses to the MIDP requests 30 days later on January 9, 2019. Twitter respectfully requests relief from these deadlines on two independent grounds.

First, as detailed in Twitter's Motion to Transfer Venue, Dkt. 22 ("Motion to Transfer"), this lawsuit should have been brought in the U.S. District Court for the Northern District of California, which is not participating in the MIDP. If Plaintiffs had filed in the proper venue, or if Twitter's Motion to Transfer is granted in advance of the deadlines,

1  Twitter would not be required to serve initial MIDP responses at all and would not be
2  required to file an answer unless its motion to dismiss is denied. Because fulfilling these
3  obligations now would impose needless costs if this case is ultimately transferred to the
4  Northern District of California, a stay of these deadlines is appropriate until a determination
5  is made as to which forum will adjudicate this dispute.

6  Second, Twitter intends to move to dismiss Plaintiffs' claims based in part on its
7  statutory immunity from suit under Section 230 of the CDA. CDA immunity, like sovereign
8  immunity, or absolute or qualified immunity of a public official, is intended to shield
9  defendants not just from liability but also from the costs of litigation, including discovery.
10 Accordingly, just as the MIDP provides an exception to the early answer and MIDP response
11 deadlines when motions to dismiss are filed based on sovereign, absolute, or qualified
12 immunity, a stay is warranted here, where Twitter is entitled to statutory immunity from suit.

13 For both of these reasons, Twitter respectfully seeks relief from its answer and MIDP
14 response deadlines until this action is transferred to the Northern District of California or, if
15 this action is not transferred, until its motion to dismiss based on CDA immunity is decided.

16 **II.    BACKGROUND**

17 Plaintiffs filed this action against Twitter on June 5, 2018. Dkt. 1. After the original
18 complaint was dismissed, Dkt. 12, Plaintiffs filed an Amended Complaint asserting eight
19 causes of action against Twitter based on their underlying allegations that Twitter
20 unlawfully suspended Plaintiffs' Twitter accounts, thereby limiting access to political
21 supporters and donors. *See* Am. Compl., Dkt. 13 ("FAC") ¶¶ 13-31. On October 10, 2018,
22 Plaintiffs sent counsel for Twitter a request to waive a service of summons. Dkt. 19-1.
23 Counsel for Twitter returned the waiver on October 18, 2018. Dkt. 19.

24 On October 25, 2018, Plaintiffs emailed Twitter's counsel "copies of the current
25 motions," including one "for the MIDP, the Mandatory Initial Discovery Process requests,"
26 which they anticipated "will (presumably) have a hearing set forth." Decl. of Ryan T.
27 Mrazik in Supp. of Mot. to Stay or, in the Alternative, Extend Deadlines for Answer and
28 Mandatory Initial Discovery Pilot Responses ("Mrazik Decl.") ¶ 2, Ex. A. Attached to

1 Plaintiffs' email were Plaintiffs' Mandatory Initial Discovery Process responses, which identified 274 potential witnesses and included 18 document requests to Twitter. *See id.*; Dkt. 11 at 3-13, 19-22. Plaintiffs subsequently have demanded not only that Twitter provide responses to the Mandatory Initial Discovery Requests far in advance of the deadline, but also appear to demand that Twitter immediately produce documents in response to Plaintiffs' own discovery requests. *See id.* ¶ 3, Ex. B.

On November 22, 2018, Twitter filed its Motion to Transfer to the U.S. District Court for the Northern District of California, based on the forum-selection clause contained in the Terms of Service ("Terms") to which Plaintiffs agreed when they created the Twitter accounts at the core of their complaint. *See* Dkt. 22. The Motion to Transfer has been fully briefed. *See* Dkts. 22, 27, 30, 33.

When Twitter asked whether Plaintiffs oppose the relief sought in this motion, Plaintiffs referred Twitter to their latest filing, which Twitter understands to mean they oppose the motion. *See* Mrazik Decl. ¶ 4.

## III. ARGUMENT

Under the MIDP, Twitter's current deadline to answer the complaint is December 10, 2018. *See* Gen. Order 17-08 (as amended Oct. 13, 2017) ¶ 5; Fed. R. Civ. P. 12(a)(1)(A)(ii). Twitter's current deadline to serve responses to the Mandatory Initial Discovery Requests is January 9, 2019. *See* Gen. Order 17-18 (as amended Oct. 13, 2017) ¶ 6 ("A party filing a responsive pleading . . . must serve its initial discovery responses no later than 30 days after it files its responsive pleading."). Twitter respectfully requests relief from these deadlines based on the pendency of its motion to transfer and its intent to file a motion to dismiss based on CDA immunity.

### A. Twitter's Deadline to Answer and Serve Mandatory Initial Discovery Pilot Responses Should Be Stayed or Extended Because Plaintiffs Filed this Lawsuit in the Wrong Forum

As explained in Twitter's Motion to Transfer, Plaintiffs have filed this action in the wrong jurisdiction because Plaintiffs agreed to bring all disputes or claims that arise in connection with Twitter's services in the federal or state courts located in San Francisco

-3-

County, California, when they agreed to the Twitter Terms and Plaintiffs' claims arise out of Twitter's services. *See* Mot. to Transfer, Dkt. 22. Plaintiffs therefore were contractually obligated to bring this lawsuit, if at all, in the U.S. District Court for the Northern District of California, which does not participate in the MIDP. *See id.*

Plaintiffs nonetheless filed their lawsuit in this Court, which is participating in the MIDP. *See generally* Dkt. 5. Indeed, Plaintiffs have sought to use the MIDP orders to obtain initial MIDP responses far in advance of Twitter's January 9, 2019 deadline, as well as to obtain production of documents in response to Plaintiffs' own discovery requests, which the MIDP does not authorize. *See* Mrazik Decl. ¶ 3, Ex. B; Dkt. 11 at 19-22; Dkt. 5 at 4 ¶ 2 ("The [mandatory initial discovery] responses are called for by the Court, not by discovery requests actually served by an opposing party.").

If this Court grants Twitter's Motion to Transfer to the Northern District of California, which does not participate in the MIDP, then Twitter would not be obligated to file an answer concurrent with its motion to dismiss, would not be required to file an answer at all if its motion to dismiss were successful, and would not be required to serve initial MIDP responses at all. And Plaintiffs could no longer attempt to use the MIDP orders to try to obtain burdensome discovery well outside what is contemplated by the MIDP. Filing an answer and serving early MIDP responses in advance of a decision on which forum will adjudicate this dispute would impose needless costs on Twitter if this case ultimately is transferred to the Northern District of California. Accordingly, Twitter respectfully requests that the Court stay its answer and MIDP initial response deadline pending a ruling on Twitter's Motion to Transfer.

**B. Twitter's Deadline to Answer and Serve Mandatory Initial Discovery Pilot Responses Should Be Stayed or Extended Because Twitter Will Move to Dismiss Based on Immunity Under the CDA**

Even if the Court denies Twitter's Motion to Transfer, however, a stay or extension of Twitter's answer and MIDP response deadlines is warranted because Twitter is bringing a motion to dismiss based on immunity under the CDA.

The goal of the MIDP, which "requires exchanges of discovery in participating courts before the commencement of discovery requests," is "to promote the goals of Federal Rule of Civil Procedure 1: 'the just, speedy, and inexpensive determination of every action.'" Fed. Judicial Center, *Introduction to the Mandatory Initial Discovery Pilot*, https://www.fjc.gov/content/321101/midpp-introduction-video. To facilitate "early assessment of the strengths and weaknesses of [the parties'] positions," and "eliminate the incentive to file meritless, dilatory motions in order to avoid prompt compliance," Fed. Judicial Center, *Intro. to the Mandatory Initial Discovery Pilot (Video Transcript)*, at 1, 4, https://www.fjc.gov/sites/default/files/2017/MIDPP%20Introduction%20Video%20Transcript.pdf, the applicable version of General Order 17-08 requires an answer to be filed "within the time set forth in Rule 12(a)(1)-(3) even if [defendants] have filed or intend to file a motion to dismiss or other preliminary motion," and requires initial MIDP responses to be served 30 days later. Dkt. 5 at 5 ¶¶ 5-6; Gen. Order 17-08 (as amended Oct. 13, 2017) at 3 ¶¶ 5-6.[1]

Nonetheless, the General Order provides an exception to these early answer and MIDP response deadlines "when a motion to dismiss is based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity of a public official." Dkt. 5 at 5 ¶ 5(a); Gen. Order 17-08 (as amended Oct. 13, 2017) at 3 ¶ 5(a). This exception to early MIDP obligations accords with the purpose of these immunity doctrines, which is "to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Gonzalez v. United States*, No. CV 12-00375-

---

[1] The District of Arizona recently amended its MIDP General Order to provide that "[p]arties must file answers . . . within the time set forth in Rule 12(a)," Gen. Order 17-18 (as amended Nov. 1, 2018). Rule 12(a) provides that a party that files a motion to dismiss under Rule 12 need not answer until 14 days after the Court decides the motion. *See* Fed. R. Civ. P. 12(a)(4)(A). Although this amendment is not applicable here because it is effective only for actions filed after November 1, 2018, its implementation recognized "comments suggesting that the early-answer requirement of the MIDP imposed unnecessary cost on parties who ultimately succeed on Rule 12 motions." Posting of U.S. District Court for the District of Arizona, uscourts@updates.uscourts.gov, to AZD ECF -- Electronic Case Filing for the U.S. District Court, District of Arizona (Oct. 30, 2018) (attached as Exhibit 1). These concerns are particularly acute here, where Twitter has statutory immunity against Plaintiffs' claims and where Plaintiffs have sought to abuse the MIDP process.

TUC-JGZ, 2013 WL 308762, at *7 (D. Ariz. Jan. 25, 2013) (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)) (internal quotation marks omitted), *aff'd*, 814 F.3d 1022 (9th Cir. 2016).  In other words, the General Order tolled the early answer and MIDP response deadlines pending resolution of motions to dismiss based on "immunities from suit."  *SolarCity Corp. v. Salt River Project Agri. Improvement & Power Dist.*, 859 F.3d 720, 725-26 (9th Cir. 2017) (drawing a distinction between "immunities from suit," such as sovereign immunity, absolute immunity, and qualified immunity, and "mere immunities from liability," such as the state-action doctrine).

Section 230 of the Communications Decency Act, upon which Twitter intends to base its motion to dismiss, also grants immunity from suit to providers or users of an interactive computer service against liability for information or statements originating with a third party.  *See Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) (by passing section 230, "Congress sought to *immunize* the *removal* of user-generated content" (first emphasis added)); *Batzel v. Smith*, 333 F.3d 1018, 1026-30 (9th Cir. 2003) (describing the "legislative grant of *immunity* pursuant to § 230(c))" (emphasis added)), *superseded by statute on other grounds as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766-67 (9th Cir. 2017); *see generally* 47 U.S.C. § 230(c)(1), (e)(3).  Courts have recognized that part of the purpose of CDA immunity is likewise "to insulate service providers not only from liability, but also from the burdens of litigation, including those associated with discovery."  *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758, at *10 (E.D. Tex. Dec. 27, 2006); *see also Hassell v. Bird*, 420 P.3d 776, 885 (Cal. 2018) (statutory language of Section 230 "conveys an intent to shield Internet intermediaries from the burdens associated with defending against state-law claims that treat them as the publisher or speaker of third party content"), *petition for cert. filed*, No. 18-506 (Oct. 1, 2018).  In other words, CDA immunity is *also* an immunity from suit, not only immunity from liability.  *See Carafano v. Metrosplash.com Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003) (affirming grant of summary judgment because, in enacting 47 U.S.C. § 230, "Congress intended that service providers such as [defendant] be afforded

-6-

immunity from suit"); *Zuffa, LLC v. Justin.tv, Inc.*, 838 F. Supp. 2d 1102, 1107 (D. Nev. 2012) ("Section 230 provides broad immunity from suit to providers of 'interactive computer services' for content posted by 'another information content provider'").[2]

Accordingly, CDA immunity is similar to the protection afforded by sovereign immunity, or absolute or qualified immunity of a public official, in that it is designed to protect defendants against litigation burdens as well as against liability. The MIDP recognizes the importance of the protection provided by the sovereign, absolute, or qualified immunity doctrines and provides an exception to the early answer and MIDP response deadlines when motions to dismiss assert those protections. *See* Dkt. 5 at 5 ¶ 5(a); Gen. Order 17-08 (as amended Oct. 13, 2017) at 3 ¶ 5(a). By analogy, an exception to the early answer and MIDP response deadlines is warranted when motions to dismiss are based on CDA immunity, which grants similar protections as the other immunity doctrines.

Here, Twitter will move to dismiss all of Plaintiffs' claims as barred by the CDA because they attempt to hold Twitter liable for the exercise of its editorial discretion by allegedly suspending Plaintiffs' Twitter accounts. *See also* Twitter's Resp. in Opp. to Pls.' Mot. for Preliminary Injunction, Dkt. 28 at 6 (further explaining why Twitter is entitled to CDA immunity). If Twitter's CDA immunity argument prevails, the very purpose of its immunity would be undercut by having incurred needless costs answering the complaint and serving early discovery responses. *See Roommates.Com*, 521 F.3d at 1175 ("[S]ection 230 must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles."). Staying Twitter's answer and MIDP response deadlines until after a decision on immunity is reached therefore is consistent with the policies supporting the MIDP and Section 230 of the CDA.

### C.  Expedited Consideration Is Required

Twitter's answer is currently due on December 10, 2018, ten days after this filing.

---

[2] *But see, e.g.*, *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181-82 (10th Cir. 2016) (holding in the context of the collateral order doctrine that Section 230 grants only immunity from liability, not immunity from suit).

-7-

For the requested relief to be effective, therefore, expedited consideration is required.

## IV. CONCLUSION

For the reasons set forth above, Twitter respectfully asks this Court to stay Twitter's Answer and MIDP response deadlines until after this action is transferred to the Northern District of California or a decision is reached on Twitter's anticipated motion to dismiss. In the alternative, Twitter respectfully asks that a 30-day extension to these deadlines be granted for good cause on the same grounds.

Dated:  November 30, 2018   **PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*
  Jean-Jacques Cabou
  2901 North Central Avenue, Suite 2000
  Phoenix, Arizona 85012-2788

*Attorneys for Defendant Twitter, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF System.

<u>    s/     Indy Fitzgerald         </u>

142237637.2