Craig R. Brittain

8625 E. Sharon Dr.

Scottsdale, AZ, 85260

(602) 502-5612

craig@brittainforsenate.com

craigrbrittain@gmail.com

FILED ✓   LODGED ___
RECEIVED ___   COPY ___

DEC 0 3 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

CRAIG R. BRITTAIN, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;

BRITTAIN FOR US SENATE, a Principal Campaign Committee, (And on behalf of all similarly affected users of Twitter).

    Plaintiff(s),

vs.

TWITTER, INC., a California corporation.

    Defendant.

No. CV-18-01714-PHX-DGC

**MOTION FOR CONTEMPT**

**I. MOTION FOR CONTEMPT (PROLOGUE)**
Plaintiff files this Motion to hold Defendant in Contempt for disobeying the Standing MIDP Order in effect for Courts which are participating in the MIDP Pilot.

## II. MOTION TO HOLD DEFENDANT IN CONTEMPT

1. Defendant has had plenty of time to comply with the Order of the Court. Plaintiff's MIDP requests were first served to Defendant on October 30, 2018. Defendant has not filed a mandatory response/notice in regards to the MIDP. In lieu of compliance with the Court, with only severely limited assistance to Plaintiff in completing the Ordered Case Management Plan, and general avoidance of communication with Plaintiff, Defendant has instead opted for a "Hail Mary" with less than 9 business days (12 total days) between the filing and the deadline. As Plaintiff previously explained in Documents *27, 32, and 33,* Defendant seeks to avoid the Order of the Court, and/or to suppress and delay Due Process. Defendant's conduct violates Fed R. Civ. P. 11(b)(1) "cause[s] unnecessary delay", FRCP 37 (b)(A) by "Not Obeying a Discovery Order", and FRCP 37(f) by "fail[ing] to participate in good faith in developing and submitting a proposed discovery plan." This Court is within its jurisdiction and has grounds to impose sanctions for Defendant's "deliberate inaction" (*Roadway Express, Inc. v. Piper, 447 U.S. 752, (1980)*). FRCP 37(b) also permits this Court to "strike claims from the pleadings... or render a judgment by default against the disobedient party." (*Roadway, supra,* Quoting from *National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976)* and *Dellums v. Powell, 184 U.S. App. D.C. 339, 566 F.2d 231 (1977)*).

3. "New York courts have ordered attorneys who delay litigation to pay costs or fines to the opposing party. E. g., *Moran v. Rynar, 39 App. Div. 2d 718, 332 N. Y. S. 2d 138 (1972); Kahn v. Stamp, 52 App. Div. 2d 748, 382 N. Y. S. 2d 199 (1976); Gillet v. Beth Israel Medical Center, 99 Misc. 2d 172, 415 N. Y. S. 2d 738 (Sup. Ct. 1979).* The state-court opinions cite no statutory authority for their holdings, apparently relying on the inherent powers of those courts. *Moran v. Rynar, supra,* noted favorable commentary on *Schwarz v. United States, 384 F.2d 833, 836 (CA2 1967),*

which suggested that courts faced with cases "of inexcusable neglect by counsel [should consider] imposing substantial costs and attorney's fees payable by offending counsel personally to the opposing party. . . ." Although the New York courts have sanctioned lawyers for mere negligence, this opinion addresses only bad-faith conduct." (*Roadway, supra*.) For these reasons, the Court should hold the Defendant in Contempt, impose sanctions, and consider striking Defendant's claims/motions and/or rendering a default judgment against the Defendant.

    4. General Order 17-08 reads: "The discovery obligations addressed in this General Order supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery pursuant to the Court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and (vi), and Rule 26(b)(2)(C). Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), this General Order does not allow the parties to opt out... The responses are called for by the Court, not by discovery requests actually served by an opposing party. Every party must provide the information called for...without the need for any request from an opposing party... Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)... A party filing a responsive pleading, whether or not it also seeks affirmative relief, must serve its initial discovery responses no later than 30 days after it files its responsive pleading under Rule 12(a)." Additionally, "Under Rule 12(a)(4), even if a motion to dismiss is filed, the Court retains authority to order an answer and/or permit the parties to make Rule 26(a)(1) initial disclosures and commence discovery under the Federal Rules of Civil Procedure." (From a related Standing MIDP Order in the US District Court for the Northern District of Illinois, Eastern Division, https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order.pdf)

5. Defendant has not served an initial response to the MIDP to this Court or Plaintiff. Defendant has not made a showing that they cannot reasonably respond to the MIDP Order. Defendant has not complied with the MIDP process or the General Order of the Court 17-08. Defendant should thereby be held in Contempt and sanctions should be imposed. As stated above, this Court should consider striking Defendant's claims/motions in part or whole and/or rendering a default judgment against the Defendant.

DATED: December 3, 2018

Craig R. Brittain
8625 E. Sharon Dr.
Scottsdale, AZ, 85260
(602) 502-5612
craig@brittainforsenate.com
craigrbrittain@gmail.com