1 | Jean-Jacques Cabou (Bar No. 022835)
PERKINS COIE LLP
2 | 2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
3 | Telephone: 602.351.8000
Facsimile: 602.648.7000
4 | JCabou@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Craig R. Brittain, an individual and US Senate candidate in Arizona in the 2018 Federal Elections; | No. 18-cv-01714-PHX-DGC |
| Brittain For US Senate, a Principal Campaign Committee (And on behalf of all similarly affected users of Twitter). | **REPLY IN SUPPORT OF MOTION TO STAY OR, IN THE ALTERNATIVE, EXTEND DEADLINES FOR ANSWER AND MANDATORY INITIAL DISCOVERY PILOT RESPONSES** |
| Plaintiffs, | |
| v. | |
| Twitter, Inc., a California corporation, | **EXPEDITED CONSIDERATION REQUESTED** |
| Defendant. | |
| | **CURRENT ANSWER DEADLINE: December 10, 2018** |

**TWITTER, INC.'S REPLY IN SUPPORT OF MOTION TO STAY OR, IN THE ALTERNATIVE, EXTEND DEADLINES FOR ANSWER AND MANDATORY INITIAL DISCOVERY PILOT RESPONSES**

Plaintiffs offer no new substantive arguments in opposition to Twitter's Motion to Stay or, in the Alternative, Extend Deadlines for Answer and Mandatory Initial Discovery Pilot Responses ("Motion to Stay"). *See* Dkt. 36. Instead, Plaintiffs note again that Twitter's counsel sent Mr. Brittain a copy of the Waiver of the Service of Summons on October 5, 2018; that service of the Amended Complaint was effectuated on October 10, 2018; and that Plaintiffs served his MIDP responses on October 30, 2018—all of which has no bearing on Twitter's arguments that its Answer and MIDP response deadline should be stayed due to its pending Motion to Transfer (Dkt. 22) and its assertion of immunity from suit under the Communications Decency Act, 47 U.S.C. § 230.  *See* Dkts. 34, 36.

Plaintiffs then refer the Court to four documents they previously filed.  Dkt. 36. Specifically, Plaintiffs refer to:

- **Document 13**: Plaintiffs' Amended Complaint, which does not address Twitter's arguments in its Motion to Stay.

- **Document 27**: Plaintiffs' Response to Twitter's Motion to Transfer and their Motion to Compel, to which Twitter has previously replied (Dkt. 30) and responded (Dkt. 31), respectively.  Twitter maintains that its Motion to Transfer should be granted for the reasons set forth in that motion (Dkt. 22) and its reply (Dkt. 30), and that Plaintiffs' Motion to Compel should be denied for the reasons set forth in its response (Dkt. 31).

- **Document 32**: Plaintiffs' "Supplemental Memorandum," "Counterclaim / Response in Reference to Document 28 [Twitter's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction]," and "Withdrawal of Preliminary Injunction," which is either an improper "supplement" to their consolidated Response to Twitter's Motion to Transfer and Motion to Compel (Dkt. 27), or a reply brief supporting Plaintiffs' Motion to Preliminary Injunction, which was also concurrently withdrawn.

- **Document 33**: Plaintiffs' "General Memorandum," "Response to Document 30 [Twitter's Reply in Support of its Motion to Transfer]," and "Response to Document 31

[Twitter's Response to Plaintiffs' Motion to Compel]," which is an unauthorized sur-reply in response to Twitter's Motion to Transfer. *See* LRCiv 7.2(1).

All told, Plaintiffs' prolix filings raise no persuasive reason to deny Twitter's Motion to Stay. In light of the imminence of Twitter's December 10, 2018 deadline to answer the Amended Complaint under the applicable version of the MIDP General Order, Twitter respectfully requests a ruling on its pending Motion to Stay (Dkt. 34) and/or Motion to Transfer (Dkt. 22), at the Court's earliest convenience.

Dated: December 5, 2018

**PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*
    Jean-Jacques Cabou
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

*Attorneys for Defendant Twitter, Inc.*

1 **CERTIFICATE OF SERVICE**

2   I hereby certify that on December 5, 2018, I electronically transmitted the foregoing
3 document to the Clerk's Office using the CM/ECF System for filing.
4   I certify that all participants in the case are registered CM/ECF users and that service
5 will be accomplished by the CM/ECF System.

7                                       s/      Indy Fitzgerald

9 142330037.1