1  Jean-Jacques Cabou (Bar No. 022835)
2  PERKINS COIE LLP
   2901 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012-2788
   Telephone:  602.351.8000
4  Facsimile:  602.648.7000
   JCabou@perkinscoie.com
5  DocketPHX@perkinscoie.com

6  *Attorneys for Defendant Twitter, Inc.*

7            UNITED STATES DISTRICT COURT

8                DISTRICT OF ARIZONA

9  Craig R. Brittain, an individual and US Senate          No.  18-cv-01714-PHX-DGC
   candidate in Arizona in the 2018 Federal
10 Elections;

11 Brittain For US Senate, a Principal Campaign
   Committee (And on behalf of all similarly            **DEFENDANT'S OBJECTION TO**
12 affected users of Twitter).                          **CASE MANAGEMENT REPORT**

13                        Plaintiffs,

14      v.

15 Twitter, Inc., a California corporation,

16                        Defendant.

17

18       On December 4, 2018, undersigned counsel received, via the Court's electronic

19 filing system, the Case Management Report filed by Plaintiffs. (Dkt. 37)  Plaintiffs did not

20 provide counsel with a copy of, or a chance to review and revise this document before it

21 was submitted to the Court.  Twitter therefore objects to the Case Management Report as

22 filed by Plaintiffs and which it has never before seen.

23       Plaintiffs' statements and inferences that Twitter or undersigned counsel have been

24 anything other than appropriately professional in this matter are unwarranted and false.  In

25 anticipation of a jointly filed Case Management Report, counsel for Twitter scheduled and

26 held a telephonic conference with Mr. Brittain on Thursday November 29, 2018 at noon

27 Arizona time.  [Ex. 1, Decl. of R. Mrazik]  During the call, undersigned counsel read item

28

by item from the court's Case Management Order [Dkt. 20], soliciting Plaintiffs' position on each and then stating Twitter's.  As to some items, there was no disagreement; as to many items, the parties' positions were at odds.  But at no time did Twitter give anything less than the good faith effort required of it and its lawyers.  As is customary, undersigned counsel confirmed on the call that Mr. Brittain would draft and circulate for review and revision, the Case Management Report.  But he didn't.

Twitter's position on the matters called for by the Court's Case Management Order [Dkt. 20] is as follows:

1. The parties held a telephonic Rule 26(f) meeting on November 29, 2018. Jean-Jacques Cabou and Ryan Mrazik of Perkins Coie, LLP participated for Twitter.  Mr. Brittain also participated.  Prior to receiving it via ECF, Twitter had never before seen the Case Management Report [Dkt. 37] submitted by Mr. Brittain.

2. Twitter, Inc. is the Defendant in this case.

3. Mr. Brittain has stated his view of the case, to which Twitter objects.  Twitter respectfully submits that this case is improperly brought in this District [*see* Dkt. 22, Motion to Transfer Venue] and furthermore that the case is without merit, including because Plaintiffs have failed to plead the elements of their claims and Twitter is immune from any claims by virtue of the protections provided by Section 230 of the CDA and the First Amendment.

4. Twitter agrees that Mr. Brittain alleges a federal question.

5. Twitter agreed to waive service and thus service is complete.

6. Twitter objects to any addition of its officers or any other parties.

7. During the Telephonic Conference, Twitter advised Mr. Brittain that it would, and indeed now has, filed motions for relief from certain deadlines.  Twitter also advised Mr. Brittain that it contemplated a motion to dismiss and, if needed, other substantive motions.  Twitter also mentioned that it anticipated discovery motions practice if Mr. Brittain persisted in his discovery requests.

8.  Mr. Brittain has rejected a magistrate.

9.  Twitter told Mr. Brittain that it was unaware of any related cases.  Mr. Brittain intimated that there may be some cases but did not specify what they are.

10. Twitter told Mr. Brittain that it did not have a position with regard to producing electronically but that, as a general rule, agreed it was generally best to produce in electronic form.

11. Twitter informed Mr. Brittain during the telephonic conference that Twitter anticipates that discovery will implicate attorney-client privileged and work product protected information.

12. Twitter is not willing to waive FRE 502(d).

13. Twitter explained that as set forth in its other filings, it will continue to comply with all court-ordered deadlines; when properly calculated, the MIDP deadlines have not yet occurred.  At no time did Twitter suggest it would fail to meet the obligations of any Court rule or order, including the MIDP.

14. Mr. Brittain's discovery demands are disproportionate to the needs of the case, unduly burdensome, and far in excess of the benefit they might provide in moving this case to resolution.

   a.  The document discovery requested by Mr. Brittain is almost exclusively ESI and it is far in excess of the needs of his case.

   b.  Twitter does not agree that discovery should follow "standard discovery rules" and reserves the right to seek protective orders limiting the scope of discovery or depositions.

   c.  Though not discussed explicitly during the Rule 16 conference as it was clear that no agreement with Mr. Brittain could be reached, Twitter suggests that each party be limited to no more than 2 depositions of 4 hours in length.

15.   Twitter's MIDP responses are not yet due and, as Twitter informed Mr. Brittain it would during the Rule 16 conference, Twitter has now moved for relief from MIDP deadlines.

16.   Twitter informed Mr. Brittain that with many matters outstanding, including a motion to transfer and an anticipated motion to dismiss, it was premature to suggest deadlines for the matters discussed in Item 16.  Twitter did object to Mr. Brittain's suggestions of February 1, 2019 and stated its belief that any such deadlines could realistically be no earlier than July of 2019.

17.   Mr. Brittain has demanded a jury trial.

18.   Settlement prospects are limited.

19.   Twitter does not have other ideas for resolving this case.


Dated:  December 6, 2018              **PERKINS COIE LLP**


By: */s/ Jean-Jacques Cabou*
Jean-Jacques Cabou
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

*Attorneys for Defendant Twitter, Inc.*

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on December 6, 2018, I electronically transmitted the foregoing

3  document to the Clerk's Office using the CM/ECF System for filing.

4      I certify that all participants in the case are registered CM/ECF users and that service

5  will be accomplished by the CM/ECF System.

6

7                                    s/      Indy Fitzgerald

8

9  142325216.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28