Jean-Jacques Cabou (Bar No. 022835)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
JCabou@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Craig R. Brittain, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;<br><br>Brittain For US Senate, a Principal Campaign Committee (And on behalf of all similarly affected users of Twitter),<br><br>Plaintiffs,<br><br>v.<br><br>Twitter, Inc., a California corporation,<br><br>Defendant. | No. 18-cv-01714-PHX-DGC<br><br>**DECLARATION OF RYAN T. MRAZIK IN SUPPORT OF DEFENDANT'S OBJECTION TO CASE MANAGEMENT REPORT** |

I, Ryan T. Mrazik, hereby declare as follows:

1. I am a partner with Perkins Coie, LLP, and am one of the lawyers representing Defendant Twitter, Inc. in the above-referenced action. I make this declaration based upon personal knowledge to which I am competent to testify.

2. On Thursday, November 29, 2018, I participated with my colleague Jean-Jacques "J" Cabou in a telephone conference with Plaintiff Craig Brittain. The call was scheduled to start at noon Arizona time on that date. The three of us were the only attendees on the telephone conference, which started at approximately 12:02 p.m. Arizona time and concluded at approximately 12:28 p.m. Arizona time.

3. At the outset of the call, Mr. Cabou said that the purpose of the call was to conduct the conference required by the Federal Rules of Civil Procedure. Mr. Cabou proposed that we refer to the Court's Order Setting Rule 16 Case Management Conference ("Order") dated October 26, 2018, setting out in Section C the 19 elements of a joint case management report. Mr. Brittain agreed.

4. We further discussed that Mr. Brittain would prepare a draft of the joint case management report, that we looked forward to reviewing that draft, and that we would review his draft report and either state our agreement or disagreement with each of his proposed responses. We did not, however, even receive that draft or have an opportunity to review it before Mr. Brittain filed it with the Court on December 3, 2018.

5. We continued our conference by going through each of the 19 enumerated paragraphs in the Court's Order dated October 26, 2018, as follows:

    a. ¶ 1. The parties who attended were me, Mr. Cabou, and Mr. Brittain.

    b. ¶ 2. We discussed that the list of parties to the case was self-explanatory.

    c. ¶ 3. We discussed that Mr. Brittain would prepare a summary of the case that was three pages or less, which we would then review, and to which we would state our agreement or disagreement. Mr. Brittain suggested that he would prepare this last and that it would summarize his prior filings and motions. Mr. Cabou said that we would look forward to reviewing it.

    d. ¶ 4. Mr. Brittain said that he would repeat the jurisdictional basis in the complaint.

    e. ¶ 5. We agreed that everyone had been served, given that we had executed a waiver of service on behalf of Twitter.

    f. ¶ 6. Mr. Cabou said that Twitter did not intend to add any parties. Mr. Brittain said he would consider adding Jack Dorsey, Twitter's CEO, in his professional capacity. Mr. Cabou advised that a "professional capacity suit" does not exist and that Twitter would oppose adding Mr. Dorsey in

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

any event. Mr. Brittain said it was unlikely he would add other parties but that he would reserve his rights to do so.

g. ¶ 7. Mr. Cabou relayed that we anticipate bringing a number of motions, both procedural and substantive, including a motion for relief from discovery, particularly given the scope of the discovery Mr. Brittain was seeking, a motion to dismiss, and a number of other motions. Mr. Cabou said that we would add our list of motions to the draft provided by Mr. Brittain. Mr. Brittain responded that he believes this paragraph was meant only for discovery motions and that its only intended scope was to address the Mandatory Initial Discovery Pilot ("MIDP"). Mr. Cabou said that it was his prior experience that the list should be any motion we are thinking of, that it's non-exclusive, and that it might change as the case goes forward. Mr. Brittain responded that that did not make sense in light of the scope of the MIDP and that the complete list should not extend beyond the short and basic nature of the report and that a long list of things to be decided would unnecessarily burden the case management report.

h. ¶ 8. Mr. Brittain said that he already rejected a magistrate judge and that remained his answer for purposes of this paragraph.

i. ¶ 9. Mr. Cabou said that Twitter was unaware of related cases. Mr. Brittain said that he believed there were other cases along similar lines.

j. ¶ 10. Mr. Brittain said that be believed all ESI should be produced in digital productions. Mr. Cabou responded that Twitter was not prepared to commit one way or another but that, as a general rule, we agree it's generally best to produce in electronic form.

k. ¶ 11. Mr. Cabou said that we would anticipate usual and customary claims of privilege and work product as allowed by rules. As part of this paragraph's discussion, Mr. Cabou also relayed that he believed the Court

1         would ask for additional case management reports at later times and that
2         we would provide more information at that time.

3   l. ¶ 12. Mr. Brittain said that an order under Rule 502(d) was unnecessary.

4   m. ¶ 13. Mr. Brittain said that he would write a summary of the compliance
5         with the MIDP. Mr. Cabou responded that Twitter was in compliance and
6         that we would disagree because the MIDP deadlines had not yet occurred.

7   n. ¶ 14. Mr. Brittain said that he believes discovery is necessary and Mr.
8         Cabou said that Twitter disagrees with him, but that he should propose a
9         scope in the draft and that Twitter would likely disagree with it. Mr.
10         Cabou also related that we would not propose specific changes to what is
11         permitted by the Federal Rules of Civil Procedure, that we would oppose
12         discovery requests, that we would stick to the rules on depositions
13         (including the rules regarding limiting discovery), and that we would
14         oppose the scope of the discovery that he has proposed and is pursuing.

15   o. ¶ 15. Mr. Cabou said that Twitter has not served responses yet.

16   p. ¶ 16. With regard to discovery, expert, settlement, and dispositive motion
17         deadlines, Mr. Brittain asked whether they should all be one deadline. Mr.
18         Cabou responded that it was difficult to set these deadlines until the Court
19         resolved Twitter's Motion to Transfer but, in any event, the dispositive
20         motion deadline should be after the close of discovery. Otherwise, Twitter
21         did not have strong feelings about the rest of this, particularly until we are
22         actually in court and hear what the court's trial calendar is like. Mr.
23         Brittain proposed a date of February 1, 2019 for trial. Mr. Cabou said that
24         he thought that was too soon and that, at the earlier, we would propose
25         July 1, 2019. Mr. Brittain concluded by saying that he didn't think we
26         could set deadlines at this point because of differing opinions. He would
27         note that we can't agree.

28   q. ¶ 17. Mr. Brittain said that he requested a jury trial.

-2-

  r. ¶ 18. Mr. Brittain said that the scope of the settlement is what's sought in the complaint, in terms of remedy.

  s. ¶ 19. Mr. Cabou noted that nothing else came to our mind at the moment. However, once we received early guidance from the Court, we may have ideas for how this case was going to proceed and then we'd reach out to Mr. Brittain if we had any ideas.

6. Mr. Brittain asked if we had anything else to add to the record. Mr. Cabou noted that the Court's Order lists only an individual plaintiff and asked whether Mr. Brittain was the only plaintiff or whether there were more. Mr. Brittain responded that he was not going to talk about anything outside the scope of the report at this point.

7. I then advised Mr. Brittain that Twitter was prepared to file a motion for relief from the answer and MIDP deadlines and asked if he would agree to that relief. Mr. Brittain responded by referring us to his latest filings, which I said I understood to mean that he would not agree to the relief that Twitter would be seeking.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on December 6, 2018 in Seattle, Washington.

             *s/ Ryan T. Mrazik*
             Ryan T. Mrazik

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF System.

s/    Indy Fitzgerald

142343613.1