Craig R. Brittain
8625 E. Sharon Dr.
Scottsdale, AZ, 85260
(602) 502-5612
craig@brittainforsenate.com
craigrbrittain@gmail.com

FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 1 0 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CRAIG R. BRITTAIN, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;<br><br>BRITTAIN FOR US SENATE, a Principal Campaign Committee, (And on behalf of all similarly affected users of Twitter).<br><br>Plaintiff(s),<br><br>vs.<br><br>TWITTER, INC., a California corporation.<br><br>Defendant. | No. CV-18-01714-PHX-DGC<br><br>**RESPONSE(S) TO DOCUMENTS 39, 40, 41**<br><br>**MOTION TO STRIKE**<br><br>**MOTION TO DISQUALIFY COUNSEL** |

**I. RESPONSES TO 39, 40, 41, MOTION TO STRIKE/DISQUALIFY COUNSEL (PROLOGUE)**

Plaintiff files the following responses to Documents *39, 40,* and *41* filed by Defendant. Additionally, Plaintiff files a Motion to Strike/Motion to Disqualify Counsel.

## II. RESPONSE TO DOCUMENT 39

1. Documents 13, 27, 32 and 33 are collectively invoked as one singular addition to the record. Defendant's attempt to split them into 4 different documents when the Plaintiff's argument is that they should be read concurrently is either a deliberate and deceptive misinterpretation of the argument or a simple reading comprehension error. Each new filing is not a separate argument but a core piece of the whole incorporated argument, and should be read as such. Furthermore, all of Plaintiff's responses/replies follow FRCP. General Memoranda to the Court fall(s) under FRCP 27(a)(2)(B)(i), "other paper necessary to support a motion". It is to the benefit of the Court to rely on citations and simple filings rather than redundancies, but the Defendant has little respect for Plaintiff or the Court, to the point of demanding that the Plaintiff and Court work quickly while the Defendant bides his time, as well as directly disobeying General Order 17-08. Defendant's Motion to Stay indicates a failure to even read General Order 17-08, which specifically states that no party is allowed to "opt out" of the process as cited in Document *38*, in which Plaintiff makes the case for Defendant being held in Contempt. Plaintiff need not make an argument for an established General Order of the Court, rather, the Defendant must ask the Court for reprieve prior to acting against the Order of the Court, which the Defendant deliberately chose not to do. The Defendant has also neglected/declined to file a simple, short, initial response to the MIDP required by General Rule 17-08. It is clear now that the Defendant acts in Bad Faith, to deceive, delay and mislead the Court and the Plaintiff in a vexatious manner. If Defendant's arguments were truly valid, they would not need to employ delay and deception. Nowhere in the request for a Stay does the Defendant state the intent to immediately comply with the MIDP and file a Court Ordered response. For the reasons stated, the Motion to Stay should be denied.

### III. RESPONSE TO DOCUMENT 40

2. The Defendant, continually acting in Bad Faith, demands that the Plaintiff adhere to non-existent, imaginary guidelines which are not part of the rules of the Court nor General Order 17-08, while delaying and refusing to adhere to the Order(s) of the Court, and even refusing to operate under the verbal guidelines which they demanded that the Plaintiff adhere to. Plaintiff at no time agreed to give the Defendant the ability to unilaterally alter a filing in order to deceptively advance their own arguments (substitutively and in lieu of filing a direct response to the Amended Complaint). Note for the record that the Defendant has had time to make 14 unique filings to this Court, but not the time to file required responses, or to give the Plaintiff equal time and notice. Plaintiff notified the Defendant of the MIDP process on October 30, 2018, giving the Defendant full time to immediately meet-and-confer, a Good Faith gesture which would have been met with kindness in earnest. However, the Defendant stalled until the very last moment, on Dec. 29, in order to vex the Plaintiff. Plaintiff thereby only needs to adhere to the rule of the Court, and not any imagined courtesies or "customs" which the Defendant has not shown to him. Whereas the Defendant works slowly and vexatiously, the Plaintiff works tirelessly and judiciously, and he was able to complete the filing in spite of no assistance from, and even some levels of obstruction from the Defendant. Defendant's subsequent filings do not equate to the contents of the discussion for the formation of the Case Management Plan, because the Defendant had the prior intent of unilaterally modifying, editing and filing the plan which Plaintiff quickly became aware of, and in turn opted not to allow the Defendant to deceive the Court or to cram arguments into a filing which were not stated within the scope of the MIDP. Rather, Plaintiff included the things Defendant said during the Case Management Conference in entirety. Defendant's objection is invalid.

## IV. RESPONSE TO DOCUMENT 41

3. In addition to filing a false and deceptive Objection, Defendant has included a false sworn declaration, which contains the following errors, inconsistencies and/or falsehoods:

a. Ryan Mrazik claims that he is part of the counsel for Defendant. However, he is not licensed to practice law in the State of Arizona, nor has he applied for Pro Hac Vice status required by LRCiv 83.1(b)(2). There is no filing or proof that Mr. Mrazik is actually legitimately attached to this case as anything other than a proxy which Defendant's sole admitted counsel/lead can use to create "sworn declarations", none of which can be considered actual evidence or proof of anything other than the Defendant's redundant, dilatory, deceptive methods of operation, in order to avoid attempting to make those same claims as part of his Motions/pleadings before this Court.

b. Defendant's counsel Mr. Cabou requested a draft copy. However, the sole onus of obligation lies on the Plaintiff to timely file the Case Management Report, and there is no obligation for the Plaintiff to allow the Defendant to amend, delay, or seize that filing. Plaintiff never agreed to provide a draft copy or anything of the like to Defendant, nor was there ever any agreement to do so, verbal or otherwise. Nor is an editable draft part of the MIDP Order.

c. Defendant's counsel are not "Parties", the Parties who attended are those of record, namely Plaintiff(s) and Defendant. At no point in time is counsel for the Defendant a "Party" by that standard.

d. Mr. Mrazik's sworn testimony admits that they did not raise the issue of Venue during the conference, yet Document 40 adds the issue of Venue as contested.

e. General Order 17-08 states that all ESI should be produced in digital form if at all possible. Defendant's sworn testimony indicates non-perusal of Order 17-08.

   f. Twitter did not raise opposition to Plaintiff's rejection of FRE 502 (d) during the conference, and added that objection afterwards.

   g. Defendant did falsely assert compliance immediately after essentially admitting to not reading the General Order of the Court regarding compliance.

   h. Defendant had already stated during the duration of the Case Management Conference that the Parties in the Matter were the same (Brittain for US Senate, Craig R. Brittain, and Twitter). The last second attempt to raise an inquiry to something previously agreed upon by both Plaintiff and Defendant was a textbook "gotcha question" (in non-legal terminology, a "gotcha question" is when a journalist or other party attempts to extract an inculpatory answer via a selectively timed and deceptive loaded question. It has legal parallels with deceptively leading the witness). This dishonest, vexatious attempt to re-litigate the discussion was noted by the Plaintiff at the time it occurred. However, it did not occur within the scope of the Case Management Conference, and thus did not appear in the report.

   i. Defendant stated that they would agree to standard Discovery rules. However, their agreement is not necessary in light of General Order 17-08 which states that MIDP Discovery supersedes the ordinary rules of Discovery. Their subsequent attempt to hide their agreement is moot, as General Order 17-08 is dominant here.

   j. Mr. Mrazik proceeded to state that Twitter intended to file a Motion to Dismiss and asked how the Plaintiff would respond. Plaintiff responded that the answer was included in his filings, but noted again that this inquiry was outside the scope of the Case Management Conference.

   k. With regards to Documents *40* and *41*, contradictions are made between the testimony and the objection on the following Case Management Report Rules: 1 and 2, in which Plaintiff and Defendant agreed the parties are the same, is posed as a conflict in the objection but is not one in the testimony.

3, in which no objection was raised by Defendant during the Conference, but is posed in the objection. 12, Defendant did not raise an objection to the waiver of FRE 502(d) during the Conference/testimony, but added one to their written objection. 14, Defendant's objection states that a lengthy rejection of Discovery argument was made, but the testimony correctly reflects that there was no such argument raised during the course of the Conference. 18, Defendant did not state settlement prospects during the Conference/testimony. 19, Defendant's testimony states a request for "early guidance" but the objection does not include this same language.

l. For the reasons stated above, Mr. Mrazik's sworn testimony is false, negligent, misleading, and/or incorrect.

## V. MOTION TO STRIKE/MOTION TO DISQUALIFY COUNSEL

4. For the reasons listed in the above responses, Plaintiff subsequently files a Motion to Strike/Disqualify. Mr. Mrazik is also in violation of Arizona Bar Ethics Rule 3.7, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless... the testimony relates to an uncontested issue... [c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." While ABER 3.7 applies primarily to trials, Mr. Mrazik's sworn testimony means that in the event of the Jury Trial requested by Plaintiff, Mr. Mrazik would become a necessary witness with a direct and declared conflict of interest. Thus, in addition to being incorrect, negligent and/or false his "sworn testimony" is unethical and should be removed from the record in entirety for that reason alone. ABER 3.3: "A lawyer shall not knowingly... make a false statement of fact or law to a tribunal or fail to correct a false statement... [or] offer evidence that the lawyer knows to be false." For these reasons, Ryan Mrazik should be Disqualified as Counsel and this Court should Strike all of his testimony from the record.

DATED: December 10, 2018   _____

Craig R. Brittain

8625 E. Sharon Dr.

Scottsdale, AZ, 85260

(602) 502-5612

craig@brittainforsenate.com

craigrbrittain@gmail.com